## NEWCOMER v. ROBISON.

No. 20828. Opinion Filed Oct. 18, 1932.

John A. Maupin, for plaintiff in error.

Twyford & Smith and G. Lee Gibbs, for defendant in error.

CLARK, V. C. J. This is an action com-

menced in the district court of Oklahoma county by defendant in error herein against plaintiff in error herein, to quiet title to the property described in the petition, and alleging possession thereof. The trial court made findings of fact and conclusions of law, and rendered judgment for plaintiff below, defendant in error herein. Motion for new trial was overruled, excepted to, notice of appeal given, and the defendant brings the cause here for review, and presents as assignment of error:

"The judgment and decision is not sustained by sufficient evidence and is contrary to law."

The record discloses as to the title of plaintiff that the property in question was first owned by the state of Oklahoma, and sold by the Commissioners of the Land Office to one George O. Fuller on May 17, 1920, and certificate of purchase issued therefor, and which certificate of purchase was transferred to one J. W. Babcock; and upon default of payments for over six months his certificate of purchase was canceled by the Commissioners of the Land Office in May, 1927. The property was re-advertised for sale by the Commissioners of the Land Office and sold on the 30th day of July, 1928, to the plaintiff, A. M. Robison, and certificate of purchase was issued to the plaintiff by the Commissioners of the Land Office on the 13th day of August, 1928, which was on said date recorded in the office of the Commissioners of the Land Office, and thereafter filed and recorded in the office of the county clerk of Oklahoma county on December 7, 1928. That the defendant, plaintiff in error herein, was present in person at the sale of the property by the Commissioners of the Land Office to plaintiff, A. M. Robison, and talked with said plaintiff at said sale, and knew that plaintiff, Robison, had bid in the property at the sale and had purchased said property at said sale. That plaintiff had placed upon said lots improvements in the way of posts the day before the filing of the suit.

The record discloses as to the title of the defendant, plaintiff in error herein, that she had bid in the property at a resale for taxes in April, 1926. The notice of sale showing "Date of sale or delinquent: 11-5-23," and that a receipt for the purchase price at said sale was given to defendant. That the defendant went into possession of the property in 1927 and continued in possession. That thereafter and on the 12th day of September, 1928, a resale tax deed was issued to defendant which was re-corded on the 18th day of September, 1928; that thereafter the defendant took the resale tax deed to the Commissioners of the Land Office and secured a patent to the land dated November 23, 1928, recorded in Oklahoma county December 5, 1928.

The record also discloses a "Tax Sale Redemption Certificate" showing the property was on November 1, 1926, sold to Oklahoma county for delinquent taxes for the years 1925, 1926, and 1927, and redeemed by defendant on the 24th day of January, 1929.

The suit was filed January 23, 1929.

The issue of possession of the property was eliminated by the defendant filing cross-petition setting up her title and pleading that her title be quieted to the property and alleging possession thereof in her.

In the case of Wilson v. Cox, 100 Okla. 300, 229 P. 267, in the 2nd paragraph of syllabus, this court said:

"The defendant, in an action to quiet title and remove a cloud, by filing a cross-petition setting up title and possession in himself and praying that his own title be confirmed and quieted as against the claims of the plaintiff, confers jurisdiction upon the court to determine the entire question of title as between the parties and to grant relief to the one entitled thereto."

Under section 6, art. 10, of the Constitution of Oklahoma, and section 9575, C. O. S. 1921 [O. S. 1931, sec. 12319], the property in controversy, belonging to the state of Oklahoma, was exempt from taxation as long as the state owned the equitable and legal title thereto.

Under chapter 81, C. O. S. 1921, the Commissioners of the Land Office had authority to sell the property in question under restrictions therein set forth, and such sale to be for cash or on deferred payments, and when sold on deferred payments certificate of sale is issued to the purchaser. The purchaser acquires only an equitable interest therein, and the legal title remains in the state until full payment therefor, and payment of the taxes assessed against the property after his contract of purchase.

Section 9321, C. O. S. 1921 [O. S. 1931, sec. 5518], provides that after the sale of lands by the Commissioners of the Land Office the same should be placed upon the tax rolls for the purpose of taxation, and further provided:

"But no tax deed shall be issued upon any tax certificate procured under the pro-

visions of this article while legal title of said lands remains in the state of Oklahoma."

Section 9822, C. O. S. 1921 [O. S. 1931, sec. 5519], authorized the cancellation of certificate of sale and notification of the proper county officials thereof, and thereafter such land should not be listed for taxation, and further provided that in the event of the redemption of the land—

"The party making such redemption shall pay as taxes, and in addition to all other charges, an amount equal to the taxes last levied thereon for each year such land was not listed for taxation, together with such interest and penalty as would have been charged, if the same had been regularly listed and taxed."

If no certificate of sale had been issued, the land would not have been taxable, and if the certificate of sale was canceled, the equitable title would reinvest in the state free and clear of any tax lien.

In the case of Clark v. Board of Commissioners of Cimarron County, 143 Okla. 18, 285 P. 127, in the first, second, and third paragraphs of the syllabus, this court said:

"1. A sale of state school land by the Commissioners of the Land Office on deferred payments evidenced by note and certificate of sale conveys the equitable title thereto to the purchaser and leaves the legal title in the state.

"2. State school land sold by the Commissioners of the Land Office on deferred payments evidenced by note and certificate of sale is subject to taxation as other lands with the provision that the purchaser thereof at a tax sale shall acquire by virtue of such purchase only such rights and interest as belong to the owner and holder of the certificate of sale thereof and the right to be substituted in the place of the holder and owner of the certificate of sale as the assignee thereof.

"3. The purchaser, at a tax sale, of state school land sold by the Commissioners of the Land Office on deferred payments evidenced by note and certificate of sale is not entitled to the issuance of a tax deed to the land, and the issuance of a tax deed therefor is prohibited. His right is to be substituted in the place of the holder and owner of the certificate of sale as the assignee thereof."

In the case at bar the certificate of purchase issued to one George O. Fuller and transferred to one J. W. Babcock was canceled in May, 1927, and the equitable title reverted back to the state, and the state thereby held both the equitable and legal

title, free and clear of all taxes. The Commissioners of the Land Office re-advertised and sold the land in question to the plaintiff in July, 1928, and certificate of purchase was issued to him therefor. The defendant was present at the sale and had actual notice that the plaintiff bid on same and purchased the land at said sale.

The tax deed in question is void and was prohibited by statute, the legal title to said property remaining in the state after the purchase of the land by plaintiff at the sale in July, 1928, and was in the state at the time of the issuance of the tax deed.

Before the title to land passes by a tax deed, there must be some law authorizing the execution and delivery of a tax deed. Since there is no law authorizing the issuance of a tax deed to state school land where the purchase price has not been paid, there is in law no tax deed.

The patent was wrongfully issued to the defendant and was void. The Commissioners of the Land Office had canceled the prior certificate of purchase and re-advertised and sold the land to plaintiff by certificate of purchase, and he had made his payment, and was not in default of payment thereof, and had an equitable interest in said lands. Courts of equity have jurisdiction to determine whether a patent issued by the Commissioners of the Land Office was issued by an erroneous view of the law or by gross or fraudulent mistake of the facts.

The judgment of the trial court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.

Note.—See under (4) 22 R. C. L. 312 et seq.; R. C. L. Perm. Supp. p. 5204.