## MONTAGUE v. STATE ex rel. COMMISSIONERS OF THE LAND OFFICE et al.

No. 28573.   April 4, 1939.

P. G. Fullerton, for plaintiff in error.

Orlando F. Sweet, W. L. Peterson, and John F. Thomas, for defendants in error.

GIBSON, J. The state, on relation of the Commissioners of the Land Office, and R. Pair commenced this action in the district court of Comanche county to enjoin Burt Montague from interfering with their title to and possession of certain real property. The parties will be referred to in the order of their appearance at the trial.

Defendant, by way of answer and cross-petition, asserted title under a tax deed issued to his grantor by the county treasurer, pleaded res judicata as to the legality of the tax deed, and sought damages for interference with his title, and asked that the judgment be made a lien on the premises in question. Plaintiffs were in default of appearance and judgment was rendered against them as prayed in said answer and cross-petition.

At the same term plaintiffs moved to vacate the judgment on grounds of unavoidable casualty, and, after hearing, the court entered its order vacating the judgment, subject to the provisions of the statutes governing the setting aside or modifying judgments at the term at which such judgments are taken (sec. 556, et seq., O. S. 1931, 12 Okla. Stat. Ann. sec. 1031 et seq.). Plaintiffs were given ten days to plead to the merits of the cause, and their separate replies were filed in due time.

Defendant interposed demurrers to the foregoing replies, assigning as grounds that said replies "do not set out sufficient facts to constitute a cause of action for setting aside a judgment, or to constitute compliance with the aforesaid order of the court," and defendant moved to strike said replies.

When the cause came on for trial, the aforesaid demurrers remained undisposed of, and the court ordered the jury to retire pending disposal of the questions of law thereby raised. The court thereupon overruled said demurrers, and sustained plaintiffs' motion for judgment on the pleadings. Judgment for the plaintiffs was rendered accordingly, and this appeal resulted.

Defendant charges error in overruling the demurrers to the separate replies. He contends in substance that neither of said replies was sufficient in factual allegation to constitute a valid defense to the cross-petition within the meaning of the aforesaid statutes governing the modification and vacation of judgments. Defendant takes the position that the statutory remedy is exclusive except where, in equity, the statute is inadequate (Flynn v. Vanderslice, 172 Okla. 320, 44 P.2d 967), and that it was necessary for plaintiffs to establish a valid defense before the order vacating became operative. Section 560, O. S. 1931, 12 Okla. Stat. Ann. sec. 1035. He asserts that the replies in this respect were insufficient.

Defendant apparently assumes that the order vacating was conditioned upon the necessity of pleading and establishing a valid defense to the cross-petition at a later date. Such was not the case. The court was not compelled to require that a valid defense be pleaded or established before vacating the judgment. The order was an unqualified annulment of the former judgment, with permission to plead to the merits as if said judgment had never been rendered. It is true the order was entered subject to the provisions of sections 556 et seq., as aforesaid, but the court clearly limited the qualification to that portion of said statutes relating to the power of trial courts to vacate or modify their own judgments at the term in which the same are rendered. Section 556 recognizes the court's inherent power to set aside its own judgments at the term in which they are rendered, and no statute restricts that power. This we have affirmed by a considerable number of our decisions. Judgments are treated as subject to the plenary control of the trial court at the term when rendered and may be set aside upon motion filed within such term on proper showing, as at common law. The rule recognized in this state is found in 34 C. J. 207, and reads as follows:

"A court has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of its sound

discretion, amend, correct, revise, supplement, open, or vacate such judgments."

The power above mentioned over the judgments and orders of such courts is not dependent upon any statute, but is inherent in the court itself. Hogan v. Bailey, 27 Okla. 15, 110 P. 890; Welborn v. Whitney, 179 Okla. 420, 65 P.2d 971. In the latter case we held that the district courts had a wide and extended discretion in such matter.

From a review of our own decisions as based upon the rule at common law, it becomes apparent that the party against whom a judgment is rendered is not required to support his motion to vacate such judgment by allegations or proof of a valid cause of action or defense where such motion is filed during the term at which the judgment was rendered; he is not affected by the provisions of sections 558-560, supra.

Defendant neither interposed objection nor saved exception to the order vacating the judgment at the time said order was entered. He directed his attack wholly toward the sufficiency of the replies, contending that the allegations therein did not constitute a defense to the cross-petition within the meaning of the statutes sufficient to warrant vacation of the judgment. He has not challenged the sufficiency of the showing made by plaintiffs at the time their motions were heard. Since we have held that the last-mentioned statutes do not apply in this case, and since the sufficiency of the showing made by plaintiffs on their motions was not challenged, the question whether the court abused its discretion in vacating the judgment is not here for review.

Defendant next contends the court erred in rendering judgment for plaintiffs on the pleadings.

The land in question is a town lot in an addition to the city of Lawton. Said addition constituted a portion of a school section owned by the state by virtue of section 12 of the Enabling Act. It was platted and dedicated for townsite purposes by the Commissioners of the Land Office under authority of section 5533, O. S. 1931, 64 Okla Stat. Ann sec. 193, and the lot in question sold to one Haskins and certificate or purchase issued to him in 1911 under an annual payment plan as authorized by section 5534, O. S. 1931 (repealed 1933). Haskins defaulted in his payments and the commission, pursuant to said section 5534, canceled his certificate

in the year 1916. Certificate of purchase was issued as provided by law to plaintiff R. Pair in 1927.

In the meantime the lot had been regularly assessed for taxation for the intervening years as permitted by section 5518, O. S. 1931, 64 Okla Stat. Ann. sec. 185, and sold at resale in 1919, and deed issued therefor to P. G. Fullerton. This resale was based upon the regular November, 1916, tax sale to the county. By mesne conveyances defendant became the owner of the tax title procured by Fullerton.

Defendant is correct in his assertion that the lot was legally subject to taxation for the years for which the resale deed was issued. Section 5518, supra; Hammond v. State, 151 Okla. 127, 2 P.2d 954. But, by the allegations of his cross-petition, he would claim both the legal and equitable title to the premises by virtue of his tax deed notwithstanding the plain provisions of said section 5518, and section 5519, O. S. 1931 64 Okla. Stat. Ann. sec. 186, which fully protect the state in its legal title and its claim for any installments that may be due under any outstanding certificate of purchase or its beneficial ownership where no certificate of purchase is outstanding. But it further appears from such allegations that the defendant would recognize the legal and equitable ownership in the state and Pair, and seek to recover from the state as trustee for his use the purchase price paid or to be paid by Pair, and to recover from Pair certain damages for interfering with his possession of the premises. He apparently confirms the title of the state and Pair and at the same time asserts his own legal and equitable ownership in the property. He alleges further that the tax deed under which he claims has heretofore been adjudged valid by the district court of Comanche county in cause No. 7042; and that his title by reason thereof is now res judicata.

The question is, Do the pleadings reveal a right in defendant to recover anything as against the state and Pair, or either of them?

In Fullerton v. State, 140 Okla. 122, 282 P. 674, this court had under consideration the same judgment here relied upon as a bar to the present action. The alleged judgment was in the form of court minutes and approved by order of court. We said in that case that the minutes of the court clerk are not part of the record and not sufficient upon which to base a plea of res judicata, but that a record entry of the

judgment itself is indispensable in order that such plea may be available. Plaintiff's assignment charging error for failure of the trial court to submit the issue of res judicata to the jury is without merit. Extrinsic evidence was unnecessary to a determination of that issue. In such case the question is one for the court and not the jury. 34 C. J. 1079, sec. 1523.

Defendant has stood wholly upon his title as evidenced by the tax deed. The pleadings clearly reveal that he has no cause of action against either of the plaintiffs and that judgment was properly rendered for the plaintiffs. By reason of section 5518, supra, the land in question was subject to taxation, but the issuance of a tax deed thereon is specifically prohibited, and such a deed, when issued, is void. Fullerton v. State, supra; Clark v. Board of Com'rs, 143 Okla. 18, 285 P. 127; Hammond v. State, 151 Okla. 87, 300 P. 396; Hammond v. State, 151 Okla. 127, 2 P.2d 954; Newcomer v. Robison, 159 Okla. 236, 15 P.2d 129. A purchaser of such lands at a tax sale has but one remedy or right and that is to be substituted in the place of the owner and holder of a certificate of purchase issued by the Commissioners of the Land Office, if such a certificate is outstanding. Section 5518, supra. The rule is stated in Clark v. Board of Com'rs, supra, as follows:

"The purchaser, at a tax sale, of state school land sold by the Commissioners of the Land Office on deferred payments evidenced by note and certificate of sale is not entitled to the issuance of a tax deed to the land, and the issuance of a tax deed therefor is prohibited. His right is to be substituted in the place of the holder and owner of the certificate of sale as the assignee thereof."

And a tax sale purchaser's sole right is that of substitution as aforesaid. The status of the title to such lands and the rights of the parties are summed up by this court in the Clark Case, as follows:

"* * * If no certificate of sale had been issued, the land would not have been taxable, and if the certificate of sale was canceled, the equitable title would revest in this state free and clear of any tax lien. After a cancellation of a certificate of sale and the revesting of the equitable title in the Commissioners of the Land Office, a sale thereof by the Commissioners of the Land Office would be free and clear of any former tax sale and the holder of a tax sale certificate would lose his investment. His sole remedy is to procure an assignment of the original certificate of sale."

In the instant case no certificate of purchase from the Commissioners of the Land Office was outstanding. It had been duly canceled before the tax deed issued. Assuming that the holder of a void tax deed in cases of this character should be treated as the assignee of the original tax sale certificate, his only remedy would be to proceed under the statute (sec. 5518, supra) to procure .his substitution for the holder of the certificate of purchase issued by the commission aforesaid. If, as in the present case, no certificate of purchase is outstanding, or is canceled before application made for such substitution, there are no existing rights to which the tax purchaser may succeed, for, upon cancellation of said certificate, the equitable title to the premises reverts to the state and the taxes, ipso facto, are canceled.

The judgment is affirmed.

BAYLESS, C. J. and RILEY, OSBORN, and HURST, JJ., concur.