440

TULSA EXCHANGE CO. v. KIESTER
et al.

No. 32796.    Sept. 9, 1947.

Rehearing Denied Nov. 25, 1947.

*186 P. 2d 808.*

Kavanaugh Bush, G. Ellis Gable, and Charles P. Gotwals, Jr., all of Tulsa, for plaintiff in error.

Wheeler & Wheeler, of Tulsa, for defendants in error.

LUTTRELL, J.    This is an appeal from an order vacating a judgment quieting the title of a resale tax deed holder against the former owners of three vacant lots in an addition to Tulsa.    The judgment was rendered January 26, 1946.    No motion for new trial was filed, but on June 26, 1946, during the same term in which the judgment was rendered, defendants, the former owners, filed a motion to vacate the judgment on the ground that it was contrary to law, and was obtained irregularly in that the trial court was misadvised as to the law and the rights of the defendants.    The order vacating the judgment was made after the expiration of the term.

We are committed to the rule that the district court has full control over its judgments or orders during the term at which they are rendered, and may, for sufficient cause shown, in the exercise of its sound discretion, vacate or modify the same, and that where the motion to vacate or modify is filed during the term, the movant is not required to allege or prove a valid cause of action or defense.    Long v. Hill, 193 Okla. 463, 145 P. 2d 434; Montague v. State ex rel.    Commissioners of the Land Office, 184 Okla. 574, 89 P. 2d 283.    And in the last cited case we stated that the powers of said courts to vacate their judgments during the term in which they were rendered was not restricted by any statute.    To the same effect is Fireman's Fund Ins. Co. v. Griffin, 176 Okla. 94, 54 P. 2d 1032.    The same rule applies where the motion is filed during the term, and the order made after the term has expired.    Martin v. Jones, 111 Okla. 101, 238 P. 458.

Plaintiff in error contends that the trial court abused its discretion in that the defendants did not, at any time prior to the hearing on the motion to vacate, tender the taxes due, as required by 68 O.S. 1941 §453.    It asserts that after the judgment was rendered, and before the motion to vacate was filed, it constructed houses on the three lots, and sold them; that this action was taken because no tender was made, or motion for new trial filed, by defendants.    Defendants assert that they made such tender in open court when the case was first tried, and again on the hearing of the motion to vacate.

The original judgment was not based upon the failure of defendants to make

a tender, but held the resale deed valid. No question of a failure to make the tender was presented to the trial court at the hearing of the motion to vacate, and the record does not contain the proceedings upon which the original judgment was rendered. Any question in regard to the rights of parties who may have acquired interests in the real estate in controversy subsequent to the original judgment and prior to its vacation are not now before the court and not here considered. The record does not show an abuse of discretion.

The argument as to the validity or invalidity of the tax deed goes to the merits of the controversy, and we consider it unnecessary to pass upon that question at this stage of the proceeding.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, and CORN, JJ., concur.