MANNAH v. ROBINSON et al.
(PRESLEY, Garnishee).

No. 32860.   Jan. 6, 1948.

188 P. 2d 360.

W. H. Gilliam, of Tulsa, for plaintiff in error.

W. O. Moffett, of Tulsa, for defendant in error.

GIBSON, J.   This is an appeal from an order of court of common pleas of Tulsa county sustaining a motion to vacate judgment rendered during the term in which motion was filed.

552

So far as necessary for purpose of review, the facts are as follows: Plaintiff in error, C. A. Mannah, as plaintiff, recovered in the above-named court a money judgment against defendants in error, Buck Robinson and Stella Robinson, and executions thereon were issued and returned "nothing found." Later, upon affidavit of plaintiff, an order was directed to defendant in error John W. Presley, doing business as Security Trucking Company, garnishee, to appear before the court on March 11, 1946, to answer questions propounded by the plaintiff as judgment creditor relating to garnishee's indebtedness to defendant Buck Robinson and any property of said defendant in garnishee's possession. No interrogatories were filed or served upon garnishee as contemplated by Tit. 12 O. S. 1941 §864. Garnishee did not appear or file a response, and on March 23, 1946, the court on motion of plaintiff and in pursuance of the authority so to do under Tit. 12 O. S. 1941 §1179, awarded plaintiff default judgment against the garnishee for the amount owing on the judgment and costs. Thereafter, on April 9, 1946, garnishee filed in said cause a verified motion to vacate the judgment rendered against him and as reasons therefor alleged that at the time of the issuance of the order for his appearance Robinson was not an employee of garnishee and had not been for several months and that garnishee was not indebted to Robinson in any amount. It is therein further alleged he was informed that in view of those facts it was not necessary for him to appear in response to the order. The motion to vacate was heard on April 27, 1946, at which time the garnishee introduced evidence and rested. Plaintiff demurred to the evidence which was overruled and exception allowed. Plaintiff offered no evidence and the court entered an order vacating the judgment, from which plaintiff appeals. The evidence introduced at the hearing is not before us. The finding of the court is general

and is to the effect that the motion should be sustained.

The substance of the argument for reversal is that the reasons given by the garnishee for not appearing in response to the court's order is merely ignorance of the law "which excuses no one," and therefore it was an abuse of discretion to vacate the judgment on such ground. The argument to the contrary is that the order vacating the judgment is warranted by the plenary authority of the trial court over its orders and judgments during the term, and as further justification for the order emphasis is placed on what is deemed a fatal defect in the affidavit upon which the garnishment order was issued and further that no interrogatories were filed or served upon the garnishee which, it is contended on authority of First National Bank, etc., v. Halback, Adm'x, et al., 160 Okla. 82, 15 P. 2d 586, is necessary to give the court jurisdiction to award the judgment rendered against the garnishee.

In St. Louis, I. M. & S. Ry. Co. v. Lowrey, 61 Okla. 126, 160 Okla. 716, we held:

"A court of record has the inherent power of its own motion to set aside, vacate, or modify its orders, however conclusive in their character, during the term at which such orders are rendered or entered of record."

See, also, Tulsa Exchange Co. v. Kiester, 199 Okla. 440, 186 P. 2d 808. In Shields, Sheriff, et al. v. Colonial Trust Co., 61 Okla. 163, 160 P. 719, we said:

" 'The Supreme Court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly re-

verse the decision or order of the trial court which grants a new trial.' Jacobs v. City of Perry, 29 Okla. 743, 119 P. 243; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 P. 982; Sharp v. Choctaw Ry. & Lighting Co., 34 Okla. 730, 126 P. 1025."

The reason for the recognition of such broad discretion in the trial court was stated as follows in Todd et al. v. Orr, 44 Okla. 459, 145 P. 393:

"It is based upon the substantial principles of right and wrong, to be exercised . . . for the furtherance of justice."

The error of law must be made to affirmatively appear. In the absence of the evidence before the court and the absence from the order of specific findings of the fact upon which same are based, there is not, and cannot be, a showing of error herein unless it be held that the power of the court in the premises was limited to a consideration of the sufficiency in law of the facts alleged in the motion. To so hold would be to hold in effect that the motion is to be deemed a pleading where the right to relief and the authority of the court to grant it is to be determined by the facts pleaded, thus eliminating any discretionary control. Such holding would be in conflict with and contrary to the rule we have repeatedly announced. It does not appear that the court abused its discretion.

Judgment affirmed.

HURST, C. J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.