MORGAN et al. v. PHILLIPS
PETROLEUM CO. et al.

No. 33272. Nov. 8, 1949.

212 P. 2d 663.

Samuel A. Boorstin, of Tulsa, for plaintiffs in error.

W. S. Meyer, of Tulsa, for defendants in error.

DAVISON, C. J. This is an appeal from an order of the court of common pleas of Tulsa county, Oklahoma, vacating a judgment theretofore rendered therein.

The only proposition necessary for determination by this court is as to the authority and propriety of the trial court to vacate, during the same term, the judgment theretofore rendered. In this jurisdiction that power is almost unlimited. Following an unbroken line of previous opinions, this court recently held, in the case of Tulsa Exchange Co. v. Kiester et al., 199 Okla. 440, 186 P. 2d 808, that:

"We are committed to the rule that the district court has full control over its judgments or orders during the term at which they are rendered, and may, for sufficient cause shown, in the exercise of its sound discretion, vacate or modify the same, and that where the motion to vacate or modify is filed during the term, the movant is not required to allege or prove a valid cause of action or defense. Long v. Hill, 193 Okla. 463, 145 P. 2d 434; Montague v. State ex rel. Commissioners of Land Office, 184 Okla. 574, 89 P. 2d 283. And in the last-cited case we stated that the powers of said courts to vacate their judgments during the term in which they were rendered was not restricted by any statute. . ."

Also, see Mannah v. Robinson et al., 199 Okla. 551, 188 P. 2d 360; Tippins et al. v. Turben, 162 Okla. 136, 19 P. 2d 605.

By the order vacating the judgment, the parties were merely reinstated in the position they had occupied since the case was first at issue.

There is nothing in the record to indicate that the court abused its discretion in vacating the judgment. In fact, the record reveals that there was a complete absence of an abuse of such discretion.

The order is affirmed.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. HALLEY, J., concurs in conclusion.