**Mrs. Ann SPEAKE, Plaintiff,**

v.

**Paul LAWRENCE and Gerald L. Lawrence, Defendants.**

**No. 36425.**

Supreme Court of Oklahoma.

Feb. 8, 1955.

W. Custer Service and Jack R. Parr, Edmond, for plaintiff in error.

Pierce, Mock & Duncan, James W. Shepherd, Oklahoma City, for defendants in error.

DAVISON, Justice.

This case comes here by appeal from an order of the trial court vacating a judgment during the same term of court in which it was rendered.

The plaintiff, Mrs. Ann Speake, filed her action to recover for damages allegedly resulting from an automobile collision with another owned by the defendant, Gerald L. Lawrence, and driven by Paul Lawrence, the other defendant. It was alleged that, at the time of the collision, the said Paul Lawrence was the agent, servant and employee of the said Gerald L. Lawrence and was acting within the scope of his employment and agency. Summons was personally served on the defendants with the answer day fixed as January 20, 1954. Default judgment was rendered in favor of plaintiff and against both defendants on January 22, 1954.

During the same term and on February 17, 1954, the defendant, Gerald L. Lawrence filed a motion to vacate judgment supported by an affidavit to the effect that he did not know, until about three weeks later, that judgment had been rendered against him; that he had a good defense in that said Paul Lawrence was in no way acting as his agent, as alleged; that he thought the action was being defended in his behalf until he learned that it was not and that judgment had been rendered. On March 5, 1954, the trial court vacated the judgment and plaintiff has perfected this appeal.

The sole question presented is whether or not the trial court abused its discretion in vacating the judgment. During the term, the court has a wide discretion in granting or refusing to grant the vacation of a judgment.

The following language used in the case of Morgan v. Phillips Petroleum Co., 202 Okl. 181, 212 P.2d 663, is appropriate and controlling in the case at bar:

"Following an unbroken line of previous opinions, this court recently held, in the case of Tulsa Exchange Co. v. Kiester, 199 Okl. 440, 186 P.2d 808, 809, that: 'We are committed to the rule that the district court has full control over its judgments or orders during the term at which they are rendered, and may, for sufficient cause shown, in the exercise of its sound discretion, vacate

or modify the same, and that where the motion to vacate or modify is filed during the term, the movant is not required to allege or prove a valid cause of action or defense. Long v. Hill, 193 Okl. 463, 145 P.2d 434; Montague v. State ex rel. Commissioners of Land Office, 184 Okl. 574, 89 P.2d 283. And in the last cited case we stated that the powers of said courts to vacate their judgments during the term in which they were rendered was not restricted by any statute. * * *' Also see Mannah v. Robinson, 199 Okl. 551, 188 P.2d 360; Tippins v. Turben, 162 Okl. 136, 19 P.2d 605.

"By the order vacating the judgment, the parties were merely reinstated in the position they had occupied since the case was first at issue."

No abuse of discretion has been shown herein which would warrant a reversal of the court's order.

The judgment is affirmed.