**Pete BOEHS, Plaintiff in Error,**

v.

**F. S. MANNING, Defendant in Error.**

**No. 37317.**

Supreme Court of Oklahoma.

March 5, 1957.

Houk & Houk, Fairview, for plaintiff in error.

A. O. Manning, Fairview, for defendant in error.

CARLILE, Justice.

This appeal is from an order of the District Court of Major County overruling a motion to vacate a default judgment against Pete Boehs, a defendant. The defendant in error, F. S. Manning, commenced the action against Don Bair and Pete Boehs to recover damages for the alleged destruction of growing crops. The parties will be referred to as they appeared in the trial court.

The plaintiff alleges in his petition that he owned and resided on a quarter section of land in Major County, and that the defendant, Pete Boehs, owned an adjoining quarter section of land lying immediately south; that the defendant Boehs employed Don Bair to spray a portion of his land for the purpose of destroying blackjack trees and brush thereon; that the defendant, Don Bair, was engaged in the general commercial spraying business, using an airplane for the purpose, and sprays to destroy weeds, brush and other growths; that on June 14, 1954 the defendants sprayed a portion of Boehs land, at which time there was

a strong wind blowing from the south; that the defendants knew the spray would drift with the wind, and that it would kill and destroy growing crops and fruit trees, and the defendants were negligent in spraying when they knew the spray would destroy the plaintiff's crops; that as a result of the negligence plaintiff's growing crops, consisting of cotton, melons and fruits, were destroyed and plaintiff damaged in the net sum of $3,250, which included an item of $500 damages incurred and loss suffered in buying melons from other melon growers and selling them to his established customers in order to keep the good will of his customers.

The defendant, Don Bair, filed an amended answer denying generally the allegations of plaintiff's petition, but admitting that he was engaged in the business of commercial spraying from the air, and alleged that on or about June 1st the plaintiff Manning gave him permission to spray the property of Pete Boehs, saying that he, Manning, had no crops planted which could be damaged by such act; that on June 14th he sprayed a portion of Pete Boehs land, and denied any negligence in so doing. On December 2, 1955 the defendant, Pete Boehs, filed an answer in the case, denying the allegations of plaintiff's petition, which answer was signed by Butler & Montgomery, attorneys, who filed an answer also on behalf of the defendant, Don Bair. The case was set on the jury trial docket for December 14, 1955, and on December 12, 1955 the Court, in sounding the jury trial docket for announcements, called the case, whereupon Mr. Montgomery, counsel who had filed an answer for defendant Boehs, stated to the court that they had filed a general denial out of time in the action, and that they did not represent Mr. Boehs and wanted it stricken from the record, which request was granted, and thereupon the plaintiff requested a default judgment against the defendant Boehs, and upon the introduction of evidence by plaintiff the court entered judgment in favor of the plaintiff against the defendant Boehs for the sum of $3,-250, with interest and costs, as prayed for by plaintiff. At the same time and date of the entry of the default judgment the defendant, Don Bair, asked and was granted 20 days time to file an amended answer in the case, to which plaintiff made no objection. The record and evidence further shows that on December 14, 1955, the day the case was set for jury trial, the defendant, Pete Boehs, appeared and was present in the District Court for the purpose, according to his proffered testimony to which an objection was sustained, of defending in the case, and at that time learned that judgment had been rendered against him. On December 20, 1955 Pete Boehs filed a verified motion to vacate the default judgment against him on the grounds of irregularity in obtaining the judgment, and that he filed an answer in the case, and that on the date the case was set for jury trial he appeared in court with the intention of defending in the action, along with his co-defendant Bair, and then first learned that judgment had been rendered against him; that by reason of unavoidable misfortune he was prevented from defending in the case, and called attention in the motion that the case, as between the plaintiff and the defendant Bair, had not been disposed of; that Bair had been granted 20 days additional time to file an amended answer and prayed that the default judgment be vacated so that the issues as between all parties in the case be tried at the same time. The defendant Boehs further alleged in his motion that he had a valid defense to the action and, if permitted, would file an answer, general denial, and allege and show that if plaintiff failed to produce a crop for the year involved it was because of lack of moisture and failure to cultivate the same; that the co-defendant Bair was an independent contractor. A hearing was had on the motion on January 18, 1956, at which time the same was denied, and the movant appealed.

At the hearing on the motion Mr. Montgomery, the attorney who filed an answer on behalf of the defendant, Pete Boehs, was called as a witness by the plaintiff Manning, and stated that he was employed by the de-

fendant Bair to represent him in the case. He was then asked:

"Q. That is correct, but Mr. Boehs never, himself, employed you, did he? A. Yes, let me finish; our office made several—prepared several pleadings and filed them in this action on behalf of Mr. Bair. * * *."

The witness further stated that the case was set for trial on December 14th, and that he wrote a letter to Mr. Boehs and Mr. Bair and other witnesses, and in about 10 days or 2 weeks prior to December 14th Mr. Boehs came to his office and discussed the action, and he called Mr. Boehs attention that he was in default, and that Mr. Boehs said: "Well, you had better file something for me", and that very day he prepared and filed a general denial on behalf of Mr. Boehs, and that a morning or two later his secretary told him that Mr. Boehs told her to tell Mr. Montgomery if he had done anything to undo it, and that on December 12th he, Montgomery, made the statement to the court; that he had filed a general denial out of time, and that he did not represent Mr. Boehs and wanted the pleading stricken.

Mr. Boehs, in support of his motion, testified that on December 1, 1955 he employed Mr. Montgomery to represent him in the case, and that the fee was $50 and that Montgomery said he would file an answer for him. He then made a statement about some other case in which a Church committee was putting him under pressure and said that for that reason he informed Mr. Montgomery, through his secretary, that "I would be withdrawing it". The meaning of his statement is not clear. However, the defendant further stated: "It was a misunderstanding as to withdrawing the answer. I was under the impression that the answer was filed and on record, and I was notified that this case was set for the 14th of December, and I was in court. * * *."

■ We consider as applicable to the present case the holding and authorities in the case of Cox, d/b/a Pure Ice Company,

v. Williams, Okl., 275 P.2d 248, which holds:

"It is the policy of the law to have every litigated case tried on its merits and default judgments are viewed with disfavor.

"Record examined. Held, under the showing made the trial court abused its discretion in denying defendants' motion to vacate the default judgment rendered against them."

And in the opinion it is stated:

"We have many times held that it is the policy of the law to have every litigated case tried on its merits and default judgments are viewed with disfavor. First National Bank of Okmulgee v. Kerr, 165 Okl. 16, 24 P.2d 985; State ex rel. Higgs v. Muskogee Iron Works, Inc., 187 Okl. 419, 103 P.2d 101. In Gulf, C. & S. F. Ry. Co. v. Kellum, Okl., 261 P.2d 610, we held:

" 'Where, in a civil action, answer day is fixed on the 23rd day after suit filed, and default judgment is entered four days after answer day and nine days later motion to vacate was filed with tender of meritorious answer, the ruling thereon should be based upon judicial discretion in the interest of substantial justice, and when all of the circumstances demonstrate that the motion to vacate could well be granted without serious injustice, and that the denial of the motion to vacate results in serious injustice, and constituted an abuse of judicial discretion, this court on proper and timely appeal will reverse.' "

Wade v. Padberg, Okl., 283 P.2d 201, 203, holds:

" 'What constitutes abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent on the facts and circumstances surrounding each individual case. On appeal from such order this court will examine the record and determine therefrom if such discretion has been abused. Evidence in

the present case examined, and refusal held to constitute an abuse of discretion.'"

The opinion in Speake v. Lawrence, Okl., 279 P.2d 926, 927, quotes with approval from prior decisions as follows:

"The following language used in the case of Morgan v. Phillips Petroleum Co., 202 Okl. 181, 212 P.2d 663, is appropriate and controlling in the case at bar:

"'Following an unbroken line of previous opinions, this court recently held, in the case of Tulsa Exchange Co. v. Kiester, 199 Okl. 440, 186 P.2d 808, 809, that: "We are committed to the rule that the district court has full control over its judgments or orders during the term at which they are rendered, and may, for sufficient cause shown, in the exercise of its sound discretion, vacate or modify the same, and that where the motion to vacate or modify is filed during the term, the movant is not required to allege or prove a valid cause of action or defense. Long v. Hill, 193 Okl. 463, 145 P.2d 434; Montague v. State ex rel. Commissioners of the Land Office, 184 Okl. 574, 89 P.2d 283. And in the last cited case we stated that the powers of said courts to vacate their judgments during the term in which they were rendered was not restricted by any statute. * * *" Also see Mannah v. Robinson, 199 Okl. 551, 188 P.2d 360; Tippins v. Turben, 162 Okl. 136, 19 P.2d 605.

"'By the order vacating the judgment, the parties were merely reinstated in the position they had occupied since the case was first at issue.'"

 The principles expressed and the holdings announced in the above decisions from this court apply to the facts and circumstances of the present action. We do not think it necessary to analyze or detail the facts and circumstances in the present case, upon which we base our conclusion and holding herein, and deem it sufficient to say that from an examination and consideration of all the facts and circumstances disclosed by the record we find and conclude that the motion of the defendant Boehs to vacate the judgment against him should have been sustained and leave granted him to file an answer, and we hold that the district court abused its discretion in overruling and denying the defendant's motion. In so holding no prejudice will be done the plaintiff and substantial justice will have been accomplished.

The judgment and order of the District Court is reversed and the cause remanded with directions to grant the defendant Boehs a new trial and permit him to file an answer in the case.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.