Lydia RIISE, Appellant,

v.

John A. RIISE, Appellee.

No. 38028.

Supreme Court of Oklahoma.

Sept. 30, 1958.

Rehearing Denied Dec. 2, 1958.

Young, Young & Young, by Glenn A. Young, Sapulpa, for plaintiff in error.

Richard A. Hays and Henry M. Beidleman, Okmulgee, for defendant in error.

## PER CURIAM.

Plaintiff in error, plaintiff below, instituted this action as one for separate maintenance. Judgment for divorce was entered upon defendant in error's cross-petition. Thereafter, but within the term, plaintiff in error filed a pleading denominated a Petition to Vacate. This pleading was divided into two parts. The first subdivision was an application, noting the court's discretion "* * * for the purpose of achieving right, equity and justice between the parties hereto and to thus promote and protect the welfare of the children to this marriage * * *", to vacate, alter or modify its decree within the term at which it was rendered. The second subdivision set forth 19 numbered paragraphs containing specifications concerning which it was alleged the judgment was irregular. Some of these allegations apparently were designed to come within the provisions of the statutes authorizing the court to vacate its judgment within or after the term at which it was rendered. Following this second subdivision of the pleading was a general prayer that the decree be vacated, annulled and held for naught. The de-

fendant in error filed a motion to strike the nineteen paragraphs of the second subdivision of the plaintiff in error's pleading, and this motion was sustained by order. No judgment was entered denying the Petition to Vacate, and it appears that pleading as thus amended by deletion is still pending in the trial court. Plaintiff in error purports to appeal upon the original record.

Defendant in error urges that this order sustaining the motion to strike is not an appealable order. He is correct.

The pleading filed by plaintiff in error might be considered a two-pronged attack on the judgment. Without regard to the sufficiency of the allegations stricken from the pleading, upon which we expressly decline comment, and assuming that this portion of the pleading was intended to come within the statutory provisions authorizing the court to vacate the judgment, nevertheless the first subdivision of the pleading was expressly addressed to the court's inherent discretionary power to vacate its judgments within the term at which they are rendered. Such a pleading will be considered a motion, Lane v. O'Brien, 173 Okl. 475, 49 P.2d 171; it is addressed to the court's sound legal discretion, Lambert v. Lambert, 206 Okl. 577, 245 P.2d 436, and such a motion need not allege or prove a cause of action or defense, Tulsa Exchange Co. v. Kiester, 199 Okl. 440, 186 P.2d 808; Morgan v. Phillips Petroleum Co., 202 Okl. 181, 212 P.2d 663. The first subdivision of the pleading was not stricken and remains pending for disposition. It may be acted upon even though the term has expired. Tulsa Exchange Co. v. Kiester, supra.

In Attaway v. Watkins, 171 Okl. 102, 41 P.2d 914, which we cited with approval and followed in Elliott v. Elliott, Okl., 279 P.2d 328; Dennis v. Lathrop, 204 Okl. 684, 233 P.2d 969; Sherman v. Sherman, 204 Okl. 283, 229 P.2d 177; Fowler v. City of Seminole, 196 Okl. 167, 163 P.2d 526; Chase v. Byrnes, 162 Okl. 80,

19 P.2d 161; and many other decisions, we held:

"* * * an appeal does not lie to this court prior to a final determination of the cause, from an intermediate or interlocutory order * * * which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits."

The order here involved was not a final order, nor was it one of the special orders from which an appeal is authorized by statute prior to some final order. It was interlocutory only. The cause still pends upon the motion addressed to the court's discretion.

Appeal dismissed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court, and thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.