Orville J. WHITTETT and Ruth Mae Whittett, husband and wife, substituted for: James E. Hendrix and Ruby H. Hendrix, husband and wife, Plaintiffs in Error,

v.

Henry PAYNE, also known as W. H. Payne and Lonnie Payne, d/b/a Payne Land Fill and Henry Payne Sand Company, Defendants in Error.

No. 39285.

Supreme Court of Oklahoma.

Oct. 17, 1961.

As Corrected Jan. 9, 1962.

Miskovsky & Miskovsky, Oklahoma City, for plaintiffs in error.

Don Anderson, Oklahoma City, for defendants in error.

HALLEY, Justice.

James E. Hendrix and his wife, Ruby, owned five acres of land in Oklahoma County described as follows:

"East Five (5) Acres of the Southeast Quarter (SE¼) of the Southwest Quarter (SW¼), Section Three (3), Township Eleven North (11N), Range Four West (4W), of the I.M.,

according to the Government Survey, except the North Thirty Feet (N30') thereof for road."

As owners of the above five acres they claimed to have a dominant estate in an easement appurtenant for roadway purposes in a right-of-way described as follows:

"North Thirty feet of the South half of the Southwest Quarter of Section Three (3), Township Eleven (11) North, and Range Four (4) West of the Indian Meridian, in Oklahoma County, Oklahoma, * * *".

Plaintiffs sought an injunction against defendants which would prevent the defendants from using the roadway.

The defendants claimed that due to their inability to get evidence of adverse user for fifteen years they were unable to defend the action so on the 8th day of July, 1959, a default judgment was entered against the defendants. On December 24, 1959, the defendants filed a motion for new trial on the ground of newly discovered evidence which was supported by affidavits.

On the 27th of April, 1960, the motion for new trial came on for hearing. It was treated as a motion to vacate judgment. After a full and complete hearing, which included testimony of witnesses and argument by counsel, the motion to vacate judgment was granted and the plaintiffs appealed from that order. The original plaintiffs sold their property and their purchasers were permitted by this Court to be substituted as parties plaintiff. Their names are Orville J. Whittett and Ruth Mae Whittett, husband and wife.

The plaintiffs in error will be referred to as plaintiffs and the defendants in error as defendants.

The plaintiffs urge two propositions. The first is that it was an abuse of discretion for the trial court to vacate the default judgment on the ground of newly discovered evidence when the evidence could have been discovered by the exercise of ordinary and reasonable diligence prior to the time the default judgment was' taken even though within term time.

The second proposition is that the newly discovered evidence offered in support of the motion to vacate was insufficient to affirmatively appear that it would probably change the result of the trial.

We do not agree with plaintiffs' contentions and will discuss each in the above order.

■ First, the defendants' testimony showed that the defendants and their counsel made an effort to locate persons who would be familiar with the road in question for fifteen years. While their search might not have been as diligent as some persons might have made, yet there was evidence as shown by numerous inquiries and checking telephone and city directories of a reasonable effort. The motion to vacate was made during term time. We have been more liberal in permitting the defendant to come in on motions filed during term time than after. This is well illustrated in the cases of Tulsa Exchange Co. v. Kiester, 199 Okl. 440, 186 P.2d 808; Morgan et al. v. Phillips Petroleum Co., 202 Okl. 181, 212 P.2d 663.

■ ·We will not say that under ·the evidence in this case that there was an abuse of judicial discretion in granting the motion to vacate the default judgment. In Morgan et al. v. Phillips Petroleum Co., supra, we held:

"Courts of general jurisdiction have control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may set aside, vacate, and modify them during said term, in the exercise of a wide and extended discretion, and in the absence of an abuse of such discretion, an order of the trial court vacating a judgment during the term will not be reversed."

See, also, Montague v. State ex rel. Commissioners of Land Office et al., 184 Okl. 574, 89 P.2d 283.

■ As to the second proposition, while in no way prejudging this case, we think that the newly discovered evidence produced on the motion to vacate could effect a

change in the outcome of the case if not properly rebutted.

The order vacating default judgment is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON and JACKSON, JJ., concur.

IRWIN and BERRY, JJ., concur in result.