Bess A. JONES, Appellant,

v.

Jewell STRAIN, Administratrix of the
Estate of Wesley E. Strain,
Deceased, Appellee.

No. 52463.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 28, 1979.

Rehearing Denied Oct. 2, 1979.

Certiorari Denied Nov. 13, 1979.

Released for Publication by Order of
Court of Appeals Nov. 15, 1979.

Hamilton & McBee by James E. Hamilton, Poteau, for appellant.

William D. Mobley, Poteau, for appellee.

BOX, Judge:

An appeal by Bess A. Jones, plaintiff in the action below. Mrs. Jones and her husband, George W. Jones, who is now deceased, brought suit in 1975 against the estate of Wesley E. Strain to cancel a land sale contract entered into by the Joneses and Strain in 1968. The action went to judgment on March 17, 1978, at which time the trial court decreed that the contract be cancelled unless within 30 days the defendant paid all of the money due under the contract (which was agreed to be $12,833.19) to the escrow agent. No appeal was taken from the judgment.

On Friday, April 14, 1978, the defendant appeared in person and alone before the judge who rendered the judgment to ask for an extension of time. She was told to consult her attorney. On the following Monday, April 17, 1978, she and her attorney returned. The plaintiff's attorney was in the courthouse on that day trying a case. During a recess of the plaintiff's attorney's trial, the defendant's attorney asked him to come down to the judge's chambers for an oral motion for an extension of time. The plaintiff's attorney went along to the judge's chambers, but there he objected to the court's jurisdiction, the lack of notice, and the form of the motion. Nevertheless, over the plaintiff's objection, the court entered an order granting the defendant an extension of time to make payment until 5:00 p. m. on Friday, April 21, 1978. On that day the defendant did make the payment (to the court clerk, however, since on Monday the 17th the escrow agent closed the escrow file and delivered the deed to the plaintiff).

The extension was in effect a modification of the judgment. On April 26, 1978, the plaintiff moved to vacate the order modifying the judgment. The plaintiff's motion came on for hearing on June 5, 1978, and was overruled. From the order overruling the plaintiff's motion, the plaintiff brings this appeal.

On appeal the plaintiff raises two points of error: (1) that the court lacked jurisdiction to enter the order modifying the judgment and, alternatively, (2) that the court abused its discretion in doing so. We will take the points up in that order.

The plaintiff asserts that the court lacked jurisdiction for the reason that none of the grounds for the vacation or modification of a judgment or order set forth in 12 O.S. 1971, § 1031 were alleged, shown, or found. The defendant contends that the court had inherent jurisdiction to modify the judgment under 12 O.S.1971, § 1031.1, without showing any of the grounds of section 1031. Section 1031.1 provides:

Within thirty (30) days after rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given.

The defendant's position is correct under the law. Section 1031.1, which was enacted in 1969, is a statutory substitute for the old rule that during the term of a court, the court has the inherent authority to vacate or modify its judgments or orders, even if they are final. In *Southeastern, Inc. v. Doty*, 481 P.2d 144, 147, the Oklahoma Supreme Court said:

Section 1031.1 is an obvious substitute for the old "term time rule." It is a rule of practical necessity. In *Todd v. Orr* (1914), 44 Okl. 459, 145 P. 393, we observed that the term time rule is of far-reaching importance. We said that a tri-

al court must have some power to correct its errors, and concluded "Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong, from mere inability to do right." *Accord, Orthopedic Clinic v. Jennings,* Okl., 481 P.2d 139, 140. Since section 1031.1 is merely a substitute for the old "term time rule," cases under the old rule are still applicable to the new statute. In *Orthopedic Clinic v. Jennings,* 481 P.2d at 141, the Supreme Court held:

> If we fail to apply our decisions under the old "term time rule" to the provisions of Section 1031.1 we will in some cases, through no fault of a litigant, deprive him of the benefit of Section 1031.1. The Legislature did not intend this result, otherwise it would not have authorized the court "on motion of a party" to correct, open, modify or vacate its judgment.

Both the old rule and new statute impose a limitation on the trial court's power in terms of *time,* but neither limits the *grounds* for the vacation or modification to those set out in section 1031. In the fourth paragraph of the syllabus in *Williams v. Long Bell Lumber Co.,* Okl., 219 P.2d 992, 992, the Court held:

> The inherent common-law power of courts over their orders and judgments during the term at which they are rendered is not impaired by statutes prescribing grounds for new trial, *but exists independently of statutory authority.* [Emphasis added.]

And in *Tulsa Exchange Co. v. Kiester,* 199 Okl. 440, 186 P.2d 808, 809, the Court held:

> We are committed to the rule that the district court has full control over its judgments or orders during the term at which they are rendered, and may, for sufficient cause shown, in the exercise of its sound discretion, vacate or modify the same, and that where the motion to vacate or modify is filed during the term, the movant is not required to allege or prove a valid cause of action or defense. *Long v. Hill,* 193 Okl. 463, 145 P.2d 434; *Montague v. State ex rel. Commissioners of Land Office,* 184 Okl. 574, 89 P.2d 283.

And in the last cited case we stated that the powers of said courts to vacate their judgments during the term in which they were rendered was not restricted by any statute. To the same effect is *Firemen's Fund Ins. Co. v. Griffin,* 176 Okl. 94, 54 P.2d 1032.

See also *American Bank of Oklahoma v. Adams,* Okl., 514 P.2d 1191, 1193; *Hawkins v. Hurst,* Okl., 467 P.2d 159, 160 (syllabus ¶ 2); *Hamburger v. Fry,* Okl., 338 P.2d 1088, 1091; *Morgan v. Phillips Petroleum Co.,* 202 Okl. 181, 212 P.2d 663, 663.

■ In this case the motion for an extension of time (which was a motion to modify) was made and granted on Monday, April 17, 1978. Since, however, the thirtieth day was a Sunday, the motion was timely brought within the 30-day limitation period of section 1031.1. We hold that the trial court did have jurisdiction to entertain the motion and grant the relief requested.

■ The plaintiff's second point of error is that the trial court abused his discretion in granting the extension of time to the defendant. In deciding whether to grant a vacation or modification within 30 days, a trial court has "wide and extended discretion." *Tulsa Exchange Co. v. Kiester,* 199 Okl. 440, 186 P.2d 808, 808 (syllabus ¶ 1). In fact, the trial court's power is "almost unlimited." *Morgan v. Phillips Petroleum Co.,* 202 Okl. 181, 212 P.2d 663, 663. Nevertheless, the application may only be granted "for sufficient cause shown." *Tulsa Exchange Co. v. Kiester,* 186 P.2d at 809.

■ If "sufficient cause" was shown here, then the trial court did not abuse his discretion; if not, he did. The proceedings in the judge's chambers on the defendant's motion were not recorded, but it appears that she represented to him (1) that she *could* get the money, (2) that she *was* getting the money (apparently through a mortgage then being processed), and (3) that she needed a few more days. The court only gave her four more days. It further appears that the defendant's representations were truthful, because she did get the money and she did pay it into the court within

the extended deadline. Aside from the inconvenience and the escrow account being closed (which does not keep the plaintiff from getting the money), the plaintiff does not allege or show that she was harmed in any way. Under these circumstances, we find that sufficient cause was shown for the modification of the judgment and that the trial court did not abuse his discretion. There being no abuse of discretion, we will not reverse the trial court. *Morgan v. Phillips Petroleum Co.,* 202 Okl. 181, 212 P.2d 663, 663 (syllabus); *Tulsa Exchange Co. v. Kiester,* 199 Okl. 440, 186 P.2d 808, 808 (syllabus ¶ 1). In the interest of equity, however, we will order one modification. By statute the court clerk is required to charge and collect a fee of 1% for "[r]eceiving and paying out money in pursuance of law or order of court." 28 O.S.Supp.1977, § 31 (amended in respects not material here by 1978 Okla.Sess. Laws ch. 212, § 8, at 501). This fee, which will be approximately $130, shall be taxed as costs to be paid by the defendant.

A brief, final word on notice is necessary. Section 1031.1 provides that "[t]he court may prescribe what notice, *if any,* shall be given." (Emphasis added.) Obviously the statute contemplates a relaxed notice requirement. We are not faced with the question of whether no notice at all would comport with due process, and we find that the notice given in this case was sufficient.

The judgment of the trial court is affirmed as modified.

AFFIRMED AS MODIFIED.

ROMANG, P. J., and REYNOLDS, J., concur.