2008 OK 71

**C. O'DARLING, Appellant,**

v.

**S. O'DARLING, Appellee.**

**No. 104,107.**

Supreme Court of Oklahoma.

July 1, 2008.

John Flippo, Laurie Phillips, Fraiser, Fraiser & Hickman, LLP, Tulsa, OK, for Appellant C. O'Darling.

Stephanie Griffith O'Darling Meissen, Owasso, OK, Pro Se Appellee.

Sandra D. Rinehart, Senior Assistant Attorney General, Martha R. Kulmacz, Assistant Attorney General, Oklahoma City, OK, for the Attorney General of Oklahoma.

Stephen L. Cale, Shawnee, OK, for Amicus Curiae Oklahoma Family Policy Council.

Kevyn Gray Mattax, Oklahoma City, OK and Roger T. Severino, Washington, D.C., for Amicus Curiae The Becket Fund for Religious Liberty.

Steven Lewis, Edmond, OK, for Amicus Curiae The National Legal Foundation.

Billy E. (Bill) Kumpe, Tulsa, OK, and Benjamin W. Bull, Glen Lavy, Austin R. Nimocks, Alliance Defense Fund, Scottsdale Arizona for Amicus Curiae The Honorable Lance Cargill.

HARGRAVE, J.

¶ 1 Appellant and Appellee were purportedly married in Toronto, Canada on December 16, 2002. Appellant filed her Petition for Dissolution of Marriage on July 18, 2006, in Tulsa County. The Petition and Summons were properly served on Appellee on July 25, 2006. The Appellee failed to file a response. Appellant filed a Motion for Default which was set for hearing on the 20th day of November 2006. Prior to the hearing, Appellee filed a Waiver of Summons and Time to Plead and signed the Decree of Dissolution of Marriage.

¶ 2 On November 13, 2006, Appellant appeared with her attorney before the trial court judge. Appellant gave testimony about jurisdiction and division of property and debts. Appellant informed the trial court that she and the Appellee were married in Canada. The fact that the marriage was between two women was not mentioned at this hearing. The style of the case did not indicate that the marriage was between two women. The notary's signature block on the waiver referred to the signor as he/she and Petition for Dissolution of Marriage referred to the Petitioner as "him." The trial court granted the dissolution of marriage and signed the Decree of Dissolution of Marriage on November 13, 2006.

¶ 3 Sometime after November 14, 2006, the trial court was contacted by a reporter from the Tulsa World concerning allegations that a dissolution of marriage had been granted to persons of the same gender. The trial court confirmed this by contacting the office of the plaintiff's attorney. On November 20, 2006, the trial court entered a Minute Order vacating the Decree of Dissolution of Marriage and dismissing the Petition for Dissolution of Marriage. The Minute Order was formalized in an Order and filed on January 17, 2007.

¶ 4 Appellant now claims she was denied the right of due process granted by the United States Constitution. She argues that she should have been given notice and an opportunity to present evidence and arguments to the trial court about the legality of her foreign marriage. She alleges that the trial court abused its discretion and violated her basic fundamental due process rights by dismissing the Petition for Dissolution of Marriage and vacating the Decree of Dissolution of Marriage without notice and the opportunity to be heard.

## THE TRIAL COURT PROPERLY VACATED THE DECREE OF DISSOLUTION OF MARRIAGE BUT ERRED IN DISMISSING THE PETITION FOR DISSOLUTION OF MARRIAGE

¶ 5 12 O.S.2001 1031.1 states that:

A court may correct, open, modify or vacate a judgment, decree, or appealable order on its own initiative not later than thirty (30) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk. Notice of

the court's action shall be given as directed by the court to all affected parties.

12 O.S.2001 1031 states:

> The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:
>
> (3) For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order;
>
> (4) For fraud, practiced by the successful party, in obtaining a judgment or order;

The court has power to vacate when the successful party acted improperly to obtain the decree or there was irregularity in obtaining the judgment. 12 O.S.2001 1031. In *Stepp v. Stepp*, 1998 OK 18 ¶ 9, 955 P.2d 722, this Court observed:

> In *Schepp v. Hess*, 1989 OK 28 ¶ 7, 770 P.2d 34, we held that trial courts acting under § 1031.1 retain "plenary control over their terminal decisions." Under § 1031 trial judges enjoy "a very wide and extended discretion that has been described as 'almost unlimited'" *Schepp* at ¶ 9 quoting from *Morgan v. Phillips Petroleum*, 1949 OK ——, 212 P.2d 663.

¶ 6 Appellant now complains that she was denied due process as she was not given notice and the opportunity to set forth facts that would entitle her to relief. In the present matter, Appellant was in attendance at the purported divorce hearing. Neither Appellant nor her counsel, acting as an officer of the court, gave notice to the bench that the purported marriage was one between two women. 5 O.S. Ch. 1 App. 3–A, Rule 3.3(a) states that:

> A lawyer shall not knowingly:
>
> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
>
> (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

¶ 7 In the present matter the parties and attorney failed to disclose controlling legal authority regarding same-sex marriage in Oklahoma. Disclosure that the purported marriage was between two women was not made, and it was not until contacted by the local paper, that the trial court discovered this information. An Oklahoma trial court may "correct, open, modify, or vacate" a decree on its own initiative within thirty days after issuance of the decree. 12 O.S.2001 1031.1. The court has power to vacate when the successful party acted improperly to obtain the decree or if there was irregularity in obtaining the decree. 12 O.S.2001 1031. Such actions are shown in the facts in the present matter. However, the trial court erred by dismissing the Petition for Dissolution of Marriage without giving the petitioner notice and a right to be heard.

¶ 8 In *Heiman v. Atlantic Richfield Co.*, 1991 OK 22, 807 P.2d 257, the trial court gave notice of its disposition docket by publication only. The parties had no actual notice to inform them of the docket. Neither party appeared and the case was dismissed by the trial court. We held at ¶ 7:

> The Due Process Clause of the Fourteenth Amendment inexorably commands that "prior to an action which will affect an interest in ... property ... a State must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Applying this sine qua non requirement of due process, we hold today that the statutorily authorized publication notice was not sufficient to inform the plaintiffs and defendants of the disposition-docket setting.

We further held in that matter at ¶ 9:

> We note that while published notice of the disposition docket appears authorized by statute, if the setting to take place may result in an end-of-the-line order-one marking an event dispositive of or terminating the litigation-personal notice is re-

quired, whether it be effected by personal service or by mail.

¶9 In the present matter, O'Darling was never given personal notice of the possibility of an end-of-the-line order dismissing her lawsuit. The trial court was acting within its statutory power in vacating the Decree of Dissolution of Marriage, however, before dismissing the lawsuit outright, the parties must be given personal notice, as the purported divorce affected the property interests of the parties.

¶10 On remand, we instruct the trial court to conduct a hearing, after notice is given to the parties and the Oklahoma Attorney General's office, allowing Petitioner to argue if there exists facts that would entitle her to relief. See *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Atchison, Topeka, and Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 569, 107 S.Ct. 1410, 1417 n. 15, 94 L.Ed.2d 563 (1987). The Oklahoma Attorney General's office shall be given notice if any State Constitutional issue is to be addressed.

**THE ORDER OF THE TRIAL COURT IS AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

¶11 CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ.

¶12 CONCUR IN RESULT: REIF, J.