LONG v. HILL et al.

No. 30880. Feb. 1, 1944.

*145 P. 2d 434.*

J. Walter Long, Jr., of Okemah, and H. F. Aby, H. L. Fitzgerald, Jr., and W. F. Semple, all of Tulsa, for plaintiff in error.

Cannon B. McMahan, of Okmulgee, for defendants in error.

Harold E. Rorschach, of Tulsa, and Jack L. Rorschach, of Vinita, for defendant in error Ophelia Sanders, nee Walton.

CORN, C. J. This action was brought to quiet title to real estate. Judgment in the first instance was rendered for the plaintiff, quieting the title, but thereafter, and within the term at which said judgment was rendered, the court, upon motion of certain defendants in the case, entered an order vacating its former judgment and reopening the case for further pleadings and a new trial.

It is contended by the plaintiff that the trial court abused its discretion in setting aside its former judgment in this case.

In support of this contention the plaintiff asserts that the moving defendants failed to show sufficient grounds for vacating the judgment and reopening the case.

Several grounds for vacating the judgment were set up in the motion to vacate. These were as follows:

"1. The right of the heirs of Phillip Mathews, insane, to redeem the property. That they all had defenses to the original judgment, and were not bound by it for stated reasons.

"2. That the judgment was void on its face, and that it was the duty of the court to set the same aside."

The various defenses and grounds for vacation were set forth in the motions in detail and were argued to the court in the proceedings to set the judgment aside. We take the view that the trial court did not abuse its discretion in vacating the judgment and reopening the case for a trial upon the issues.

In Montague v. State ex rel. Commissioners of the Land Office et al., 184 Okla. 574, 89 P. 2d 283, in par. 1 of the syllabus, it was held:

"The district court has full control over its orders or judgments during the term at which they are rendered and may, for sufficient cause shown, in the exercise of its sound discretion, vacate or modify the same, and where motion to vacate or modify is filed during the term aforesaid, the movant is not required to allege or prove a valid cause of action, or defense, as the case may be. Section 556, 558-560, O. S. 1931, 12 Okla. Stat. Ann. §§ 1031, 1033-1035."

The order vacating judgment is affirmed.

GIBSON, V. C. J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and OSBORN, JJ., absent.