CRESCENT CORPORATION, a foreign corporation, Petitioner,

v.

The Honorable Robert F. MARTIN, Jr., Judge of the Court of Common Pleas of Tulsa County, and W. H. Garbade, Respondents.

No. 42894.

Supreme Court of Oklahoma.

June 18, 1968.

Houston, Klein & Davidson, by L. Michael Hager, Tulsa, for petitioner.

Ungerman, Gravel, Ungerman & Leiter, Tulsa, for respondents.

LAVENDER, Justice.

This original action, by the petitioner who is the defendant in a pending case in respondent's court, was brought to obtain a writ of prohibition against the respondent from proceeding to hear the case in his court. The grounds of the complaint here are that respondent is without jurisdiction of the person of petitioner, a foreign corporation not licensed nor doing business within Oklahoma. Jurisdiction is asserted for respondent under Title 12 O.S.Supp. 1967 § 187 and 12 O.S.Supp.1967 § 1701.03. The cited statutes are somewhat similar. The pertinent parts of the statutes are as follows:

"12 O.S.Supp.1967 § 187. In personam jurisdiction over certain nonresidents— Service of process—Venue.—(a) Any person, firm, or corporation other than a

foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

(1) the transaction of any business within this State;

(2) the commission of any act within this State; * * *."

and

"12 O.S.Supp.1967 § 1701.03. Bases of jurisdiction—(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state;

(2) contracting to supply services or things in this state;

* * *."

■ We are of the view that actions of a nonresident under the last statute (assuming the same applicable to nonresident defendants) would be covered by the provisions of the first statute referred to (12 O.S.Supp.1967 § 187). We shall consider only the question of jurisdiction as affected by the provisions of 12 O.S.Supp.1967 § 187.

After the defendant's special plea to the jurisdiction of the trial court and its motion to quash the summons was denied by respondent, the defendant filed this action for extraordinary relief. Defendant's argument for our assuming original jurisdiction is that it does not come within the provisions of 12 O.S.Supp.1967 § 187—that is, that it has neither been "transacting any business" nor "committing any acts" within this state, out of which plaintiff's cause of action is alleged to have arisen.

■ If defendant is correct, then there exists good reason for this court to assume original jurisdiction to prevent unnecessary litigation and the expense attendant to it which would be the result if the respondent court indeed does not have jurisdiction in personam of said defendant. We are unimpressed with the respondents' counter argument that defendant's remedy of appeal available here at the conclusion of the case represents an adequate remedy. See Kenitex Corporation v. Coryell (1960), Okl., 352 P.2d 894, and Hayes Freight Lines v. Cheatham (1954), Okl., 277 P.2d 664, 48 A.L.R.2d 1278.

We are of the view that if, from an examination of the plaintiff's petition together with the affidavits of both parties and other matters of record, it can be said that the "facts" alleged (as opposed to "conclusions") to constitute the "transaction of any business" or the "commission of any act" are not in substantial dispute and are readily ascertainable from the record by this court, there exists no reason for delaying to the conclusion of the trial in the court below the determination of the question of that court's jurisdiction to proceed.

We have carefully reviewed the "facts" which are said to be insufficient to support the jurisdiction of the trial court. We find the following to be substantially established or at least undisputed:

1) The plaintiff in the court below (W. H. Garbade, who is also a respondent here) is now and has been for many years a resident of Oklahoma;

2) That several years ago the plaintiff was first employed by defendant and has continued to be employed by it during all times therein;

3) That during all this period of employment plaintiff continued to reside and make his home in Oklahoma;

4) That prior to March 9, 1964, the defendant was engaged in transacting business in Oklahoma;

5) That on March 9, 1964, plaintiff and defendant entered into the written contract involved in this action;

6) That by the terms of said contract plaintiff was employed as a "consultant"; that his duties were limited to "attendance" and "reporting" at not more than two meetings of the Board of Directors of defendant company each year. That in consideration of said promise by plaintiff, plaintiff was to receive an annual stipend payable by the month and that this contract expressly abrogated all prior contracts of employment.

7) That plaintiff was never called upon by the defendant to perform any act called for by the contract after the signing of it on March 9, 1964;

8) That defendant's only other "contact" or "relationship" with Oklahoma other than as evidenced by the above was that during 1966 and 1967 defendant kept various amounts of money on deposit in savings and loan associations within Oklahoma and that the defendant received interest on such monies. These deposits of money are admittedly not in any way involved with plaintiff's cause of action which is based on an alleged failure of the defendant to pay the money to plaintiff required by the terms of the contract.

Condensed, the question for determination by us may be stated thusly:

"Does simply the employment by a foreign corporation of a resident of Oklahoma, as evidenced by a written contract of employment, amount to sufficient 'minimal contacts' with Oklahoma so that the courts of said state are vested with jurisdiction in personam of said foreign corporation?"

Before considering the law applicable and in our opinion controlling of the question, we should also point out that there was no showing as to where the contract was entered into; it was not shown whether the laws of Oklahoma, or the laws of some other state, are to be considered in enforcing the contract and neither does the contract require that Mr. Garbade do any act for or on behalf of said defendant within this state. We notice that the only requirement made of Mr. Garbade by the provisions of the contract is that after notice by defendant, he (the plaintiff) may be required to attend not more than two meetings of the defendant's Board of Directors per year. Although it does not appear where the Board will meet, it is admitted that the defendant is a Delaware Corporation with its principal offices in New York.

■ Because the above factors are not present here, we do not wish to be considered as holding that if they, or any one of said factors, were present our decision would necessarily be otherwise, however, the question of sufficiency of the contacts with the forum state by a foreign corporation or nonresident defendant so as to satisfy the requirements of both our long-arm statute—"the transacting of any business" within Oklahoma, or "the commission of an act" within Oklahoma, and the constitutional requirement that a finding of jurisdiction based thereon "does not offend 'traditional notions of fair play and substantial justice'" (International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057.) is not intended to be answered by reference solely to whether the contract (such as we have before us) was executed in Oklahoma or was subject to the substantive laws of Oklahoma. (We can conceive of a situation, for example, where the contract could have been executed outside Oklahoma but either expressly or by implication require such contacts with Oklahoma as to amount to the "transacting of any business" within Oklahoma.) The question of application of the long-arm statute of necessity (if the same is to be accorded its full effect) depends on the totality of the contacts with Oklahoma.

■ The qualitative rule (rather than the mechanical rule), which the court in International Shoe said will control, should include a consideration of *all* the circumstances affecting the central question of whether the constitutional guarantees of due process are not violated. The question will largely be determinable by the trial

court subject, of course, to review on appeal to this court. A collection of cases which may be helpful is set forth in 19 A. L.R.3d 1. See also article by Robert A. Leflar entitled, "Conflict of Laws, Chapter I Judicial Jurisdiction," contained in the 1966 Annual Survey of American Law, commencing on page 3.

Before proceeding to a discussion of the law which we consider applicable herein, we should make one further observation. The plaintiff contends that because he was employed by defendant during a period prior to the inception date of this contract herein involved, during which periods of employment he *did* perform acts within this State by or for the defendant corporation in his capacity as an agent of the company that such facts or relationship, notwithstanding it covers a period prior to March 9, 1964, and was performed pursuant to entirely separate contracts (from the one herein involved) of employment, were sufficient to show that defendant was transacting business within Oklahoma, (as such term is used in 12 O.S. Supp.1967 § 187). Such argument we believe is without substance. The statute with which we are concerned authorizes jurisdiction of the courts of this state over foreign corporations and nonresident defendants where the acts alleged to constitute the transaction of business or the commission of any acts provide the basis out of which the plaintiff's cause of action is alleged to have arisen. The plaintiff's cause of action here is based on a contract dated March 9, 1964, which did not provide for the performance of any act by plaintiff within the State of Oklahoma and according to this record, no act was performed by plaintiff on behalf of defendant after March 9, 1964. The fact that acts were performed by defendant (through plaintiff as its agent) within Oklahoma and that such acts amounted to the transaction of business during a period of time prior to the inception date of plaintiff's contract involved in this action is immaterial and of no help in resolving the question of jurisdiction under the above cited statute.

We hold that under the facts and circumstances of this matter the respondent court is without jurisdiction to proceed further. This is not to say, however, that plaintiff below may not amend his pleadings (if he can) so as to satisfy the requirements referred to herein. We base our determination upon a consideration of the following authorities.

In Ohio Casualty Insurance Company v. First National Bank of Nicholasville, Kentucky (1967), Okl., 425 P.2d 934, we had before us a contention that the filing of a lawsuit in Oklahoma and the subsequent settlement of it was transacting business within the meaning of such terms in 12 O.S.Supp.1967 § 187. We answered in the negative. Although we recognized the more liberal trend to approve of extraterritorial assumption of jurisdiction by the forum state of a nonresident defendant, we also recognized that such rule is subject to constitutional limitations. Such a defendant must have "certain minimum contacts" with the forum state so that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. We also quoted from the same case:

"'Whether due process is satisfied must depend rather upon the quality and nature of the activity * * *.'"

We noted that, in McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 200, 2 L.Ed. 223, the State of California had a statute making foreign insurers amenable to process in actions brought in California courts by residents of that state on policies of insurance. Under the facts in McGee, the policy was mailed to the California insured by the defendant insurer, the insured paid premiums for a number of years by mailing them to the insurer and when the insured died he was a resident of California. These circumstances were approved as evidencing sufficient minimal contacts with California to satisfy the requirements of due process. Emphasis was placed upon the fact that the defendant de-

liberately and voluntarily transacted its business of insuring the life of a California resident when it mailed its policy to the insured and collected premiums thereon for several years.

In our Ohio Casualty Insurance Company case, supra, we noted that the Supreme Court of the United States had, since McGee, in the case of Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283, noted that:

" '* * * it is a mistake to assume that this trend (exhibited in International Shoe Co., supra) heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. * * *' "

In Hanson v. Denckla, supra, the Supreme Court held that a Florida court had no jurisdiction to render a judgment, affecting a trust provision containing a power of appointment, which judgment would affect a nonresident trustee. The court pointed out there were no trust assets in Florida to sustain jurisdiction in rem; and that there was no basis for in personam jurisdiction because the trust did not have "sufficient affiliation" with Florida notwithstanding the deceased settlor had resided in Florida for many years prior to her death and during that time carried on extensive correspondence by mail with the trustee. In the body of the opinion on page 253 of 357 U.S., on page 1239 of 78 S.Ct., the court said:

" * * *. The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. * * *."

Marathon Battery Company v. Kilpatrick (1965), Okl., 418 P.2d 900, involved an application of the "minimum contacts" rule as explained in the federal cases, but is distinguishable from the facts in the case before us. In Marathon the nonresident defendant not only contracted with an Oklahoma resident, but sold its merchandise for resale in Oklahoma, thus voluntarily transacting business in Oklahoma from which it derived a pecuniary gain or benefit and pursuant to which it availed itself of the protection and benefit of the laws of Oklahoma. Under those circumstances, we held the due process requirements of "minimal contacts" were satisfied.

In the case before us there is nothing to indicate a voluntary entrance into Oklahoma by defendant for the purpose of the "transaction of any business" or "the commission of any act." Neither is there any showing of a deliberate effort on the part of defendant to avail itself of the protection of the laws of Oklahoma.

In Trinity Steel Company v. Modern Gas Sales & Service Co. (Tex.Civ.App., 1965), 392 S.W.2d 861, the plaintiff sued a foreign corporation on an account for the purchase price of a trailer sold to it by plaintiff. The evidence conflicted as to whether the oral purchase agreement was accepted in Texas or in New Jersey. The court held that under the evidence the same was insufficient to affirmatively demonstrate the minimum contacts with the state of Texas required to satisfy due process.

In our case the record is silent as to where the contract of employment was made, accepted, or was to be performed. We believe that the burden of proof in this regard should be upon the party asserting jurisdiction. Jurisdiction cannot be inferred but must affirmatively appear from the record. We agree with the expression of the Texas court appearing on page 863 of 392 S.W.2d, as follows:

"* * *, we think it can be said that it is now the law that it is essential in each case that there be some act by which the defendant purposefully avails (himself) of the privilege of conducting activities within the forum state, thus invoking the

benefits and protections of its laws, * * *."

We might add that of course the act of the nonresident by which he avails himself of the privilege of conducting protected (by the laws of the forum state) activities may be shown by circumstances from which such fact may be reasonably inferred. Compare Marathon Battery Co. v. Kilpatrick, supra, where the defendant knew its batteries were being shipped to Oklahoma for resale therein to the ultimate consumer. Compare also Gray v. American Radiator & Standard Sanitary Corp. (1961), 22 Ill.2d 432, 176 N.E.2d 761.

In Gillioz v. Kincannon (Ark., 1948), 213 Ark. 1010, 214 S.W.2d 212, the Arkansas court pointed out that its "long-arm statute" did not offend due process because it required as a legal basis for jurisdiction that the nonresident defendant must have done some business, work, or service within the state.

In Rene Boas & Associates v. Vernier (1965), 22 A.D.2d 561, 257 N.Y.S.2d 487, the plaintiff sued a nonresident defendant in New York on a contract for broker's commissions. The court said:

"* * *. In the absence of any showing that the oral agreement with defendant was negotiated or concluded by defendant in New York, or that defendant did any other act with respect to the oral agreement in New York, it cannot be said that the causes of action arose from an act of the defendant in the transaction of business within the State."

In Winick et al. v. Jackson (1966), 49 Misc.2d 1009, 268 N.Y.S.2d 768, the employment of a New York attorney by a nonresident to represent the latter's interests in a probate proceeding pending in a New York court was held not to be doing business within the state.

We note in conclusion that if a question of fact regarding contacts of a defendant with Oklahoma (sufficient to satisfy the minimum requirements of due process) appears from the record, then the trial court's determination of such question will not be disturbed by a grant of extraordinary relief but the parties will be left to their ordinary and statutory right of review on appeal. Of course, as in other cases, if it may be clearly shown that the trial court is acting beyond its powers, then under this court's general powers of superintending control extraordinary relief may be granted.

It is the order of this court that the respondent judge of the Court of Common Pleas sustain defendant's special appearance plea to the jurisdiction and motion to quash the service of process upon it and that the plaintiff be permitted a reasonable period of time within which to amend his petition and/or affidavit (and to secure the issuance of service thereon) upon which jurisdiction may be based in accordance with the views herein expressed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS and BERRY, JJ., concur.

BLACKBIRD, HODGES and McINERNEY, JJ., dissent.