Leo Loy ROBERTS, Administrator of the Estate of Judith Ann Dunn, and guardian ad litem for Lisa Ann Dunn, et al., Appellants,

v.

JACK RICHARDS AIRCRAFT CO., an Oklahoma Corporation, et al., Appellees.

No. 46704.

Supreme Court of Oklahoma.

May 13, 1975.

Larry A. Tawwater, Lampkin, Wolfe, Burger, Abel, McCaffrey & Norman, Oklahoma City, for appellants.

Ronald R. Hudson, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for appellees, Eastern Airlines, Inc. and Mohawk Airlines, Inc.

LAVENDER, Justice:

Leo Loy Roberts (Roberts), appellant, as the representative of an estate and guardian ad litem of three minor children brought this action in Oklahoma County against various defendants. Eastern Airlines, Inc. (Eastern) and Mohawk Airlines, Inc. (Mohawk), appellees, were two of the defendants.

Roberts' petition alleged the wrongful death of deceased in an aircraft crash occurring October 2, 1970, in Colorado. Eastern and Mohawk are not charged with the operation of the aircraft at the time of the accident. All defendants were charged with absence, in design or by appliances, of adequate safety features (seats, interior, and fire control), breach of warranties (implied and expressed) of safe flight, and aircraft defects causing the crash and existing at time of manufacture, at sale to and by Eastern, at sale to and by Mo-

hawk, and at sale to and by other owners. No acts of Eastern or Mohawk are alleged to have occurred in Oklahoma.

Service of process was had on Eastern and Mohawk through the Oklahoma Secretary of State. Both defendants filed motions to quash and plea to jurisdiction. Trial court sustained the defendants' motions. Plaintiff, Roberts, appeals.

In ruling on defendants' motions, the trial court considered, without objections, facts contained in affidavits filed by Eastern, Mohawk, and Roberts.

Separate affidavits on behalf of Eastern and Mohawk (1) placed no corporate acts within the State of Oklahoma, (2) detailed many usual acts occurring in the airline business and denied their occurrence within the State of Oklahoma, and (3) generally denied "doing business in Oklahoma." The affidavit on behalf of Roberts established (1) television commercials for Eastern had been seen in Oklahoma City, (2) the Oklahoma City telephone directory carried an Eastern listing, and (3) an Oklahoma City travel agency had advised tickets to flights on Eastern and Mohawk could be purchased through that agency.

Any cause of action arose from the crash on October 2, 1970. Suit was filed October 2, 1972. Summons served on Eastern and Mohawk through the Secretary of State October 3, 1972. Appellants' affidavit of May 18, 1973, does not indicate any of the acts there stated had occurred prior to or on any of these dates. Any connection of Eastern and Mohawk to the crash comes from separate ownership and subsequent separate sale of the aircraft prior to the crash with no dates alleged. No related act of Eastern or Mohawk occurred in Oklahoma. The burden of proof should be upon the party asserting jurisdiction. Jurisdiction cannot be inferred but must affirmatively appear from the record. Crescent Corporation v. Martin, Okl., 443 P.2d 111, 117 (1968).

In Architectural Building Components Corporation v. Comfort, Okl., 528 P.2d 307

(1974) this court denied jurisdiction under the Oklahoma Long Arm statutes. There we pointed to test of "minimum contacts" and the need to not offend "traditional notions of fair play" under International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We spoke of 12 O.S.1971, § 1701.03 with its intent to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits *permitted by the United States Constitution's due process provisions.* The opinion noted the warning of the mistaken understanding of the eventual demise of all restrictions on personal jurisdiction of state courts. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The record, through the appellants' affidavit, contains a mere suggestion of contacts rather than compliance with the test of "minimum contacts" and the need not to offend "fair play."

To assert personam jurisdiction over a foreign corporation by 12 O.S.1971, § 187, the record should show a voluntarily committed act of the defendant by which that defendant purposefully availed itself of the privilege of conducting activities within the State so as to invoke the benefits and protection of the laws of Oklahoma. Crescent Corporation, supra. National televised commercials viewed within Oklahoma fall short of "purposefully availed itself of the privilege of conducting activities within the State." The possibility of a travel agency selling tickets to flights on Eastern and Mohawk is not a "committed act." The strongest fact set forth in the affidavit is the Eastern listing in the Oklahoma City telephone directory. Eastern argues such listing was not until 1973. Roberts does not dispute this. His affidavit fixes no date for that listing.

Roberts bases jurisdiction over the appellees on four statutes: 12 O.S.1971 §§ 1701.03 and 187 [1]; 18 O.S.1971, §§ 1.204a and 1.17. No jurisdiction is granted under § 1.17, supra. It provides for corporate registered agent and methods of service of process. It cannot be made a basis for jurisdiction. If the jurisdiction is bottomed on "doing business within the State," then the other three sections require the cause of action to accrue from such acts. As said in Crescent Corporation, supra:

> "* * * it must also appear from the record that plaintiff's cause of action arises out of or is based upon the same acts of defendant alleged to confer jurisdiction in personam of said defendant under the cited statute."

This portion of the Crescent opinion is quoted with emphasis in Precision Polymers, Inc. v. Nelson, Okl., 512 P.2d 811 (1973). It notes §§ 187 and 1701.01 et seq. are jurisdictionally the same. "* * * § 1701.3 authorizes *in personam* jurisdiction to the outer limits of due process *when and only when the asserted cause of action arises from the defendant's activities within the state.*" George v. Strick Corporation, 496 F.2d 10 (10 Cir., 1974).

Here the cause of action as to Eastern and Mohawk appears from the record (alleged in the petition) to arise out of their individual acts during their separate ownership and separate sale of the aircraft some time prior to the crash. All of this occurred outside the State of Oklahoma. These are not the same acts of Eastern and Mohawk alleged to confer jurisdiction in personam by "doing business within the state." There is no relation between the two sets of facts, (1) as to liability, and (2) as to doing business within the State.

The trial court correctly sustained the motion to quash and plea to jurisdiction as to defendants, Eastern and Mohawk.

Affirmed.

All of the Justices concur.

---

1. Now cited as 12 O.S.Supp.1974 § 187.