Shelby NEWBY, Plaintiff,

v.

**WILLIAMS TRANSFER CO., a corporation, Defendant.**

**Horace R. BINGHAM, Plaintiff,**

v.

**WILLIAMS TRANSFER CO., a corporation, Defendant.**

Civ. Nos. 75–0658–D, 75–0659–D.

United States District Court, W. D. Oklahoma.

Nov. 20, 1975.

Edwin D. Abel, Oklahoma City, Okl., for plaintiffs Newby and Bingham.

Burton J. Johnson, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

The above styled cases which have not been consolidated are companion cases for personal injuries arising out of the collision of two motor vehicles occurring June 22, 1974 near North Little Rock, Arkansas. Both actions were filed in the District Court of Oklahoma County, State of Oklahoma and removed to this Court by Defendant. Subject matter jurisdiction exists by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. Plaintiff Newby who was a passenger in one of the vehicles involved in the collision is a citizen of Oklahoma and Plaintiff Bingham who was the driver of said vehicle is a citizen of Tennessee. The Defendant in both cases is apparently the owner of the second vehicle involved in said collision and is a corporation with its principal place of business in Oregon. Defendant's state of incorporation is not disclosed in the pleadings.

The Defendant has filed identical Motions to Dismiss for Lack of Jurisdiction and Motions To Transfer Under Forum Non Conveniens in each case. Said Motions are supported by identical Briefs. The respective Plaintiffs have filed identical Briefs in Response to same. The Court determines that the issues raised by said Motions in each case are the same and therefore this Order will constitute the ruling of the Court on the Motion in each case.

In the Motions which are verified by Defendant's attorney it is stated that Defendant is engaged in the transfer and storage business operating under a local permit in the State of Oregon only. It states it makes out of state hauls for a nationwide company and uses permits issued by the Interstate Commerce Commission to said nationwide company pursuant to contracts for such use. It further states that it was operating under said arrangement at the time of the accident in question while hauling a load through the State of Arkansas which was destined for Tennessee. It states that it does not do business in the State of Oklahoma, has not done so, and neither solicits nor has had any deliveries to destinations in Oklahoma. Defendant in its Briefs in Support of Motion to Dismiss urges that said facts do not constitute doing business in Oklahoma which would subject it to the jurisdiction of Oklahoma Courts pursuant to 18 Oklahoma Statutes 1971 § 1.204a. This statute which is part of the Business Corporation Act subjects foreign corporations who do business in Oklahoma to the jurisdiction of its Courts for causes of action accruing by reason of the corporation doing business in Oklahoma. Defendant further contends that it has had no "minimal contacts" with the State of Oklahoma which would subject it to the jurisdiction of the Oklahoma courts, citing *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and *Vanderbilt v. Vanderbilt,* 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957). They also cite Oklahoma cases construing the requirements of "minimal contacts" to include *B. K. Sweeney Co. v. Colorado Interstate Gas Co.,* 429 P.2d 759 (Okl.1967) and *Marathon Battery Co. v. Kilpatrick,* 418 P.2d 900 (Okl.1965).

Plaintiffs in their Responses contend that prior to the accident in question, Defend-

ant's vehicle had been driven through the State of Oklahoma.[1] They assert they rely on the provisions of 12 Oklahoma Statutes 1971 § 1701.03 contending that said statute provides that the Court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action or claim for relief arising from the person's transacting any business in this State. They urge that the question to be decided by the Court is whether the Defendant's driving its vehicle and contents through the State of Oklahoma constitutes transacting any business in this State. They further contend that since Defendant's business is hauling goods it would be doing business in any state through which it hauls goods. They further urge that the provisions of 47 Oklahoma Statutes 1971 § 391 support their position contending that said statute known as the non-resident motorist statute provides that one who travels the highways of the State of Oklahoma agrees to be subject to the jurisdiction of the Courts of this State.

Plaintiffs have the burden of pleading and proving the existence of jurisdiction. *Wilshire Oil Company of Texas v. Riffe,* 409 F.2d 1277 (Tenth Cir. 1969). In this regard, the Complaints of both Plaintiffs do not contain any assertion which can be construed as pleading the existence of in personam jurisdiction over Defendant in these actions and the Motion to Dismiss could be sustained for this reason alone. However, the Court will in the interest of fairness consider the matters contained in their Responses as constituting amendments to their deficient pleadings and consider that the Plaintiffs rely on 12 Oklahoma Statutes 1971 § 1701.03 as the in personam jurisdictional basis for their actions.[2]

The Court determines the issue to be determined in ruling on the instant Motions to Dismiss is whether the causes of action arise from activities by Defendant in this State. In *George v. Strick Corporation,* 496 F.2d 10 (Tenth Cir. 1974) the issue involved whether unrelated business activities of the defendant in Oklahoma subjected it to the jurisdiction of the Oklahoma Courts for an accident occurring in the State of New Mexico. Judge Murrah stated in said case:

"Since plaintiffs relied exclusively on § 1701.03, the validity of service of process must depend upon the application of that statute as interpreted by the Oklahoma courts.

\* \* \* \* \* \*

Assuming arguendo that Strick's sales of trailers to Lee Way constituted the 'transacting [of] any business' within the State of Oklahoma, the threshold and we think decisive issue is whether § 1701.03 requires that the asserted cause of action arise from Strick's activities within the state. We are of the opinion that this section of the statute as authoritatively interpreted by *Crescent Corporation v. Martin,* 443 P.2d 111, 113 (Okl.1968), clearly does require that the cause of action arise from activities within the state and affirm the judgment."

Judge Murrah considered the matter further in regard to a contention that the Oklahoma Courts have stated that the Oklahoma long arm statutes are intended to extend the jurisdiction of its Courts to the outer limits of the United States Constitutional due process requirements wherein he stated:

". . . In light of such clear legislative intent we think the cited language in *Vemco* [*Vemco Plating, Inc. v. Denver Fire Clay Co.,* Okl., 496 P.2d 117] and *Hines* [*Hines v. Clendenning,* Okl., 465 P.2d 460] means simply that § 1701.03 authorizes *in personam* jurisdiction to the

---

1. This fact appears to be a naked allegation but the Court will consider same to be true for the purpose of these Motions to avoid having to consider possibly disputed issues of fact which would require an evidentiary hearing pursuant to *Schramm v. Oakes,* 352 F.2d 143 (Tenth Cir. 1965).

2. It is possible that they also rely on 47 Oklahoma Statutes 1971 § 391 although the Responses do not so state but the Court determines that said statute on its face applies to actions arising out of the use of the highways of Oklahoma and same would not apply to the instant actions arising out of a collision occurring in Arkansas.

outer limits of due process *when and only when the asserted cause of action arises from the defendant's activities within the state.* Consistent with this interpretation, the most recent Oklahoma Supreme Court case construing §§ 187 and 1701.01 et seq., has noted that the statutes are jurisdictionally the same and quotes from *Crescent* [*Crescent Corp. v. Martin,* Okl., 443 P.2d 111] to the effect that 'it must also appear from the record that plaintiff's cause of action arises out of or is based upon the same acts of defendant alleged to confer jurisdiction *in personam* of said defendant under the cited statute.' *Precision Polymers, Inc. v. Nelson,* 512 P.2d 811 (Okl.1973)."

■ The simple question for consideration by this Court is whether the causes of action in the instant cases arose from the same acts Plaintiffs allege subjects Defendant to the jurisdiction of the Oklahoma Courts. The causes of action arise from alleged negligent conduct in the operation of a motor vehicle by Defendant's agent near North Little Rock, Arkansas. The acts of Defendant upon which they assert it is subject to the jurisdiction of this Court is that said motor vehicle had been driven through Oklahoma prior to the time of the accident. Again, assuming such allegation is true, none of the alleged negligent conduct complained of occurred while said motor vehicle was being driven through Oklahoma. The fact that a motor vehicle had been driven through Oklahoma before reaching the state in which an accident occurs is not relevant to the accident for jurisdictional purposes. Conduct prior to the time of the accident wholly unrelated to the negligent acts complained of cannot be the basis for in personam jurisdiction under the Oklahoma long arm statutes. The Motions to Dismiss for Lack of Jurisdiction should be sustained in each case and each action should be dismissed.

It is unnecessary for the Court to consider the alternative Motions to Transfer Under Forum Non Conveniens in light of the above ruling.