**WORLD–WIDE VOLKSWAGEN CORPO-RATION and Seaway Volkswagen, Inc., Petitioners,**

v.

**The Honorable Charles S. WOODSON, District Judge of Creek County, State of Oklahoma, Kay Eloise Robinson, Eva May Robinson, a minor, by and through her father and next friend, Harry Robinson, and Harry Robinson, Individually, Respondents.**

No. 52478.

Supreme Court of Oklahoma.

Oct. 10, 1978.

Mike Barkley, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, for petitioner, World-Wide Volkswagen Corp.

Dan A. Rogers, Rogers, Rogers & Jones, Tulsa, for petitioner, Seaway Volkswagen, Inc.

Jefferson G. Greer and Charles A. Whitebook, Tulsa, for respondents.

BARNES, Justice:

This case concerns an original action brought on behalf of World-Wide Volkswagen Corporation and Seaway Volkswagen, Inc., in which the petitioners ask this Court to assume original jurisdiction and issue a writ of prohibition, prohibiting the respondent trial judge, the Honorable Charles S. Woodson, from exercising personal jurisdiction over the petitioners, through service under the Uniform Interstate and International Procedure Act, as adopted in Oklahoma at 12 O.S.1971, §§ 1701.01 et seq., commonly referred to as the Oklahoma Long-Arm Statute.

The test for applying Long-Arm jurisdiction in Oklahoma is to determine whether the exercise of jurisdiction is authorized by statute, and, if so, whether such exercise of jurisdiction is consistent with

the constitutional requirements of due process.[1]

After examining Oklahoma'a Long-Arm Statute and the facts present in this case, we conclude that jurisdiction over the non-resident petitioners is authorized by statute.

The facts before us in this case are as follows: In September of 1977, an Audi automobile, driven by Kay Eloise Robinson, was struck in the rear by an automobile being driven by a party not involved in the case before us. Mrs. Robinson and her two children, Eva May and George Samuel, were seriously injured in that collision when the gasoline tank of their Audi automobile ruptured, causing a fire in the passenger compartment of that car. As a result of that collision, manufacturers products liability actions were brought on behalf of Mrs. Robinson, her husband and her children against (1) the manufacturer of the automobile, Volkswagenwerk Aktiengesellschaft; (2) against the U.S. importer of the automobile, Volkswagen of America, Inc.; (3) against the distributor of the automobile, World-Wide Volkswagen Corporation; and (4) against the retail dealer who sold the Robinsons the car, Seaway Volkswagen, Inc.

It is World-Wide Volkswagen, distributor of Audis in Connecticut, New York and New Jersey, and Seaway Volkswagen, Inc., the dealer who sold the car, that petition this Court seeking a writ of prohibition.

In Oklahoma, jurisdiction over nonresident defendants cannot be inferred, but must affirmatively appear from the record.[2] When a jurisdictional question arises, the burden of proof is upon the party asserting that jurisdiction exists.[3]

In the case before us, the respondents contend that the courts of Oklahoma have jurisdiction over the petitioners because they caused a tortious injury in this State, giving rise to jurisdiction under the provisions of 12 O.S.1971, § 1701.03(a)(3) or (4).

Title 12 O.S.1971, § 1701.03, provides in part:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

"(1) * * *

"(2) * * *

"(3) causing tortious injury in this state *by an act or omission in this state*;

"(4) causing tortious injury in this state *by an act or omission outside* this state *if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state*; * * *." (Emphasis added)

While it is true that the alleged acts or omissions of the petitioners allegedly caused tortious injury in this State, none of the acts or omissions alleged took place in this State. The defects in the product allegedly existed at the time the product left the hands of the petitioners, and at that time the automobile was not, and had not been, in the State of Oklahoma. We therefore conclude that no acts or omissions on the part of the petitioners took place within the State. In attempting to convince us that acts or omissions of the petitioners did take place within the State, the respondents rely upon *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961).

We do not find the analysis used in *Gray v. American Radiator, supra*, persuasive. In that case, the Illinois Supreme Court was interpreting a provision of the Illinois Revised Statutes which provided that a nonresident, who either in person or through an agent *commits a tortious act within Illinois*, submits to the jurisdiction of Illinois, and

---

**1.** See *Timberlake v. Summers*, 413 F.Supp. 708 (D.C.Okl.1976).

**2.** *Roberts v. Jack Richards Aircraft Co.*, 536 P.2d 353 (Okl.1975), and *Crescent Corp. v. Martin*, 443 P.2d 111 (Okl.1968).

**3.** *Roberts v. Jack Richards Aircraft Co.*, 536 P.2d 353 (Okl.1975).

may be served by means of the State Long-Arm Statute. In determining whether the manufacturer of a defective safety valve, which was allegedly defective at the time of manufacture in Ohio, committed a "tortious act" in the State of Illinois, the Court held that a tort had been committed within the jurisdiction because the injury which resulted from the defect occurred in Illinois. In so ruling, the Court held that the place of a wrong is where the last event necessary to render the actor liable takes place, and that the last act to render the manufacturer liable was the sustaining of an injury in Illinois by the plaintiff.

Our statute is *unlike* the Illinois statute. The Illinois statute merely requires that a tortious act be committed within Illinois. The Illinois court ruling makes a party subject to Illinois jurisdiction if his acts ultimately result in tortious injury within Illinois. Our statute requires more than the occurrence of tortious injury within the State before a party is subject to personal jurisdiction. Under the provisions of subsection (a)(3) of 12 O.S.1971, § 1701.03, a person is subject to personal jurisdiction in Oklahoma if he causes tortious injury in the State "by an act or omission in this state." It is not possible to interpret the provisions of subsection (a)(3) of Section 1701.03 in the same way in which Illinois interpreted its statute, as such an interpretation would be inconsistent with subsection (a)(4) of the same section, which specifically sets forth the prerequisites for in personam jurisdiction in situations in which tortious injury in this State is caused by acts or omissions outside the State.

If we were to follow Illinois' rationale, and hold that the mere occurrence of a tortious injury in this State constituted an act or omission in the State, there would be, under that interpretation, no such thing as tortious injury within the State *caused by acts or omissions outside the State.* Such an interpretation would be totally inconsistent with the provisions of subsection (a)(4), which specifically deal with situations in which tortious injury within the State is caused by acts or omissions outside the State. That subsection provides that in

such situations, particular contacts with the State are necessary in order to confer jurisdiction over out-of-State tort-feasors.

Because our statute required more contact with the State than the Illinois statute, we are not persuaded by the Illinois court's rationale in *Gray v. American Radiator, supra.* Accordingly, we hold that the acts or omissions of the petitioners, which are alleged in the petition, were not acts or omissions in this State, and therefore no power to exercise personal jurisdiction over the petitioners existed by virtue of the provisions of 12 O.S.1971, § 1701.03(a)(3).

We next consider whether the power to exercise personal jurisdiction over the petitioners existed by virtue of 12 O.S.1971, § 1701.03(a)(4). Under the provisions of subsection (a)(4) of 12 O.S.1971, § 1701.03, more is required than the mere occurrence of tortious injury in this State. Under the provisions of that subsection, a party causing tortious injury in this State by acts or omissions outside the State is subject to the exercise of personal jurisdiction of this State, if "*he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state.*"

In the case before us, the product being sold and distributed by the petitioners is by its very design and purpose so mobile that petitioners can foresee its possible use in Oklahoma. This is especially true of the distributor, who has the exclusive right to distribute such automobile in New York, New Jersey and Connecticut. The evidence presented below demonstrated that goods sold and distributed by the petitioners were used in the State of Oklahoma, and under the facts we believe it reasonable to infer, given the retail value of the automobile, that the petitioners derive substantial income from automobiles which from time to time are used in the State of Oklahoma. This being the case, we hold that under the facts presented, the trial court was justified in concluding that the petitioners derive substantial revenue from goods used or consumed in this State.

■ Because the trial court was justified in concluding that the petitioners derived substantial revenue from goods used within the State, and because alleged acts or omissions on the part of petitioners outside the State allegedly caused tortious injury in this State, we hold that the trial court had the power, pursuant to 12 O.S.1971, § 1701.-03(a)(4), to exercise personal jurisdiction over the petitioners. As the trial court had such power, we refuse to issue a writ of prohibition.

ORIGINAL JURISDICTION ASSUMED AND ORIGINAL PROHIBITION DENIED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS and DOOLIN, JJ., concur.

BERRY and SIMMS, JJ., concur in result.

IRWIN, J., concurs in part and dissents in part.