**UNION BANK, a California Corporation, Petitioner,**

v.

**The Honorable Weldon FERRIS, Judge of the District Court, Respondent.**

No. 52828.

Supreme Court of Oklahoma.

Nov. 21, 1978.

McClelland, Collins, Sheehan, Bailey & Bailey by James E. Britton, Oklahoma City, for petitioner.

Myers, Mollison & Weber by Larry M. Weber, Altus, for respondent.

BARNES, Justice:

In this case, Union Bank, a California corporation, petitions this Court and asks us to assume original jurisdiction and issue a Writ of Prohibition, prohibiting the Respondent Trial Judge from exercising personal jurisdiction over said Bank. The material facts giving rise to the jurisdictional controversy are as follows:

The Plaintiff below, Mr. Carlos Brewer, delivered a draft to the First State Bank of Eldorado, Oklahoma, for the purpose of said Bank's forwarding the draft to the payee Bank, Union Bank of San Francisco, Petitioner in this original proceeding. The draft was never honored or returned, and ultimately Mr. Brewer sued both the First State Bank of Eldorado and Union Bank for mishandling of that draft. Upon receipt of service, the Union Bank made a special appearance and filed a Motion to Quash. In support of that Motion, the

Bank filed an affidavit sworn to and subscribed by Union Bank's vice president and counsel, attesting to the fact that Union Bank does not transact any business in the State of Oklahoma, does not have any interest in or possession of real property in the State, that the Bank is not licensed to do business within the State, nor does it solicit, engage in, or do business within the State, and that the Bank does not derive any revenue from services rendered within this jurisdiction.

This affidavit was the *only* evidence before the Trial Court.

Despite the fact that more than two years passed between the filing of Union Bank's Motion to Quash and the Court's ruling on that Motion, the Plaintiff below never filed any counter affidavits, nor did he conduct any discovery in order to develop facts to support his claim of jurisdiction.

In Oklahoma, jurisdiction over nonresident defendants cannot be inferred, but must affirmatively appear from the record.[1] When a jurisdictional question arises, the burden of proof is upon the party asserting that jurisdiction exists.[2] In the case before us, there simply was no evidence before the Trial Court to support the claim of jurisdiction under any statute authorizing jurisdiction over nonresident defendants. This being the case, the Trial Court erred in exercising personal jurisdiction over the Respondent Bank, and the Bank is entitled to relief. Accordingly, we assume original jurisdiction and issue a Writ of Prohibition, prohibiting the Trial Court from further exercising jurisdiction over the Respondent Bank.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF PROHIBITION ISSUED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, DOOLIN and HARGRAVE, JJ., concur.

1. *Roberts v. Jack Richards Aircraft Co., Okl.,* 536 P.2d 353 (1975); and *Crescent Corp. v. Martin,* Okl., 443 P.2d 111 (1968).

2. *Roberts v. Jack Richards Aircraft Co.,* Okl., 536 P.2d 353 (1975).