**JIM MARRS DRILLING COMPANY, INC., An Oklahoma Corporation, Appellee,**

v.

**James L. WOOLARD, Sr., and James L. Woolard, Jr., Appellants.**

**No. 55029.**

Court of Appeals of Oklahoma, Division No. 2.

April 14, 1981.

As Corrected April 24, 1981.

Released for Publication by Order of Court of Appeals May 14, 1981.

Charles D. Watson, Jr., Watson & Watson, Drumright, for appellee.

Ira L. Edwards, Jr., Eagleton, Eagleton & Owens, Inc., Tulsa, for appellants.

BOYDSTON, Judge.

This is an appeal by James L. Woolard Sr. and his son (hereinafter referred to as Defendants) from a default judgment entered against them in favor of Jim Marrs Drilling Company (hereinafter referred to as Plaintiff).

Plaintiff filed suit in Creek County, Oklahoma on November 26, 1979 to recover money damages in the amount of $9,412 for goods and services sold and delivered to Defendants who are residents of Atlanta, Georgia.

Defendants each filed motions to quash and pleas to jurisdiction and attached affidavits denying they were doing business in Oklahoma. Plaintiff did not file counter affidavits nor offer contrary evidence. Both motions were overruled without hearing. Defendants then applied to the supreme court for writs of prohibition [1] which were summarily denied. Defendants elected to stand on their motions and ultimately Plaintiff took a default judgment against them.[2]

## I

The proposition which forms the basis of this appeal is:

The trial court improperly entered a personal judgment against Defendants because there was a lack of material allegations of fact contained in the petition on file herein to support a finding that the trial court had personal jurisdiction over Defendants and Plaintiff totally failed to fulfill its obligation to both plead and prove jurisdictional facts as to the nonresident Defendants.

The allegations which come closest to invoking jurisdiction of the trial court appeared in the petition as follows:

1. Supreme court case No. 54,717. When the supreme court declines to exercise its extraordinary power of original jurisdiction, no particular inference can be drawn. *See Rey v. Means, In & For Tulsa Cty.*, Okl., 575 P.2d 116 (1978).

2. The judgment awarded Plaintiff $9,412 with interest thereon plus an attorney's fee of $2,000.

That the defendants, James L. Woolard, Sr., and James L. Woolard, Jr. are non-residents of the state of Oklahoma. That this cause of action arose in Creek County, State of Oklahoma.

Defendants argue it is incumbent upon Plaintiff to factually allege and prove the nonresident Defendants performed some act or transaction within the state of Oklahoma before and Oklahoma district court can assume jurisdiction.

Plaintiff counters this argument by urging that the allegation that the "cause of action arose in Creek County" sufficiently alleges the jurisdictional "facts" to confer jurisdiction. We disagree.

Plaintiff is confusing intrastate venue statutes that determine *which* district court within the state has territorial jurisdiction over disputes arising within the state with the interstate jurisdictional issue of whether *in personam* jurisdiction can be obtained on nonresident defendants.

■ Oklahoma law requires that before *in personam* jurisdiction can be established over a nonresident, the party seeking to obtain jurisdiction must allege and prove some critical act [3] was committed within the state by the nonresident.

■ In this instance it is clear Plaintiff pled only vague legal conclusions which we hold to be insufficient to support a contested jurisdictional issue such as the one presented herein.

The case of *Bates v. Old Mac Coal Co.*, Okl., 271 P.2d 315 (1953) defines "conclusions" as:

[T]erms which do not delineate facts and go no further than reciting the pleader's reactions to, or the inferences which he may draw from, certain undisclosed facts ... It is an elementary principle that pleadings should allege the ultimate facts which are to be established, and not mere legal conclusions ... A pleading which depends on conclusions of law, without properly stating the facts on which they are based, is fatally defective ....

■ We hold that where a default judgment is taken upon a fatally defective petition, no determination should be made of the facts respecting the alleged deficiencies. In the case at bar, the trial court could not determine jurisdiction based upon the conclusions contained within the petition nor could the fatal deficiencies be cured by evidence designed to establish and prove ultimate facts at a trial wherein Defendants chose not to participate, electing instead to stand upon their assertions that no jurisdiction had been established over them.

In *Crescent Corporation v. Martin*, Okl., 443 P.2d 111 (1968) the supreme court held:

We are of the view that if, from an examination of plaintiff's petition together with the affidavits of both parties and other matters of record, it can be said that the 'facts' alleged (as opposed to 'conclusions') to constitute the 'transaction of any business' or the 'commission of any act' are not in substantial dispute and are readily ascertainable from the record by this court, there exists no reason for delaying to the conclusion of the trial in the court below the determination of the question of that court's jurisdiction to proceed.

From the court's careful wording we must conclude that the "facts" on which Plaintiff relies to confer jurisdiction on these nonresident Defendants, must be affirmatively pled and, if disputed, proven to the satisfaction of the court before jurisdiction can be sustained. Mere legal conclusions will not suffice.

The court in *Crescent Corporation* went on to state:

In our case the record is silent as to where the contract of employment was made, accepted, or was to be performed. We believe that the burden of proof in this regard should be upon the party asserting jurisdiction. *Jurisdiction cannot be inferred but must affirmatively appear from the record.* (emphasis added)

*Hampton v. Clendinning*, Okl., 416 P.2d 617 (1966); *Kenitex Corporation v. Coryell*, Okl., 352 P.2d 894 (1960).

---

**3.** *General Motors Acceptance Corporation v. Carpenter*, Okl., 576 P.2d 1166 (1978); *Constant v. Biggers*, Okl., 550 P.2d 1337 (1976);

■ We hold where jurisdiction is sought to be conferred against a nonresident upon the bare legal conclusion that the cause of action "arose" in a certain place, that conclusion, when challenged, must be further supported either by testimony or affidavit, and proven to the satisfaction of the court before jurisdiction can be maintained.

## II

Plaintiff argues in the event the original petition is found to be insufficient to establish jurisdiction, the finding by the court in the default judgment that the court "has jurisdiction and venue of this cause of action and all the parties hereto" cures the initial defect.

■ We hold unless the trial court has jurisdiction at the inception, or this defect is cured by a general appearance, it can not be cured at an ex parte default judgment [4] hearing. Once the jurisdiction of the court to hear the matter has been challenged, the burden of proof shifts to the party asserting that allegation who must then prove that fact by a preponderance of the evidence. Nothing short of a factual hearing appearing of record will suffice to support the court's judgment.

We therefore reverse the decision of the trial court and remand the case for further proceedings wherein Plaintiff is to be permitted a reasonable period of time within which to amend his petition and/or affidavit and to secure the issuance of service thereon so as to provide to the court some basis upon which jurisdiction may be based in accordance with the views expressed herein.

BACON, P. J., and BRIGHTMIRE, J., concur.

---

**4.** *Bates v. Old Mac Coal Co., supra* held such a default judgment is fatally defective and voidable even against a claim of res judicata.

The petition alleged only a conclusion of law, without allegation of any matters from which such conclusions could be drawn. Thus no issue was presented by the pleadings . . . and it was beyond the trial court's jurisdiction to enter judgment. . . .