Steve **SULLIVAN** and Kim Sullivan, Appellants,

v.

**WILCO SEED CO., INC.,** a Texas Corporation, Appellee.

No. 58494.

Supreme Court of Oklahoma.

Nov. 20, 1984.

Dennis Butler, Lawton, for appellants.

Foliart, Mills & Niemeyer, Oklahoma City, for appellee.

SIMMS, Vice Chief Justice:

Plaintiff below appeals from the trial court's sustention of a motion to quash, denial of jurisdiction and venue. The Court of Appeals summarily reversed the order of the trial court. We Grant Certiorari, Vacate the Court of Appeals opinion and Remand the cause for further proceedings.

The issue on appeal is whether the trial court correctly denied jurisdiction over the non-resident defendant. The only jurisdictional *facts* in the record are contained in the plaintiffs' petition.

Plaintiff's petition alleges a cause of action for breach of implied and express warranties pursuant to the purchase of some allegedly defective peanut seed. The defendants are Optiz Farmers, Inc., an Oklahoma corporation (not a party to this appeal) and Wilco Seed Co., Inc., a Texas corporation.

Defendant Wilco Seed Co., Inc. filed a special appearance, motion to quash and denial of jurisdiction and venue, but submitted no supporting affidavit or other allegation of fact to contravert the jurisdictional facts alleged in plaintiffs' petition.

The trial court conducted a hearing on defendant's motion, however, no record of the hearing was designated by either party on appeal. The trial court then sustained defendant's motion. The order contains no findings of fact or conclusions of law, other than the "Court does not have jurisdiction over the defendant, Wilco Seed Co., Inc., a Texas Corporation, based upon the allegations contained in plaintiffs' petition."

The Court of Appeals held the trial court erred in sustaining the plea of jurisdiction. The Court of Appeals relied upon the case of *Vacu-Maid, Inc. v. Covington*, Okl.App., 530 P.2d 137 (1974) and 12 O.S.1981, § 187(a)(3) without discussion.

*Vacu-Maid v. Covington*, supra, is not dispositive of the appeal because the facts in that case dealt with a non-resident buyer. Therefore, any discussion in *Vacu-Maid* of Oklahoma's rule concerning non-resident manufacturers or sellers is dicta.

Due to the paucity of the record, the only issue that can be resolved on this appeal is whether the petition states facts sufficient to allege jurisdiction under the long-arm statutes (12 O.S.1981, § 187 and 12 O.S. 1981, § 1701.03). We hold that the petition does state facts sufficient to confer jurisdiction.

12 O.S.1981, § 187(a)(3) provides:

"(a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual, his personal representative to the jurisdiction of the courts of this state as to any cause of action arising, or which shall have arisen, from the doing of any of said acts:

"(3) the manufacture or distribution of a product which is sold in the regular course of business within this state and is used within this State;"

Plaintiff's petition alleged the following jurisdictional facts:

1. That the plaintiffs are engaged in the business of farming in Comanche County, State of Oklahoma. That on or

around June 11 and June 13, 1981, plaintiffs purchased from the defendant, Optiz Farmers, Inc., located at Binger, Oklahoma, a certain quantity of peanut seed for the purpose of planting peanuts. That said seed had been produced by the defendant, Wilco Seed, Inc., a Texas Corporation, and supplied to the defendant, Optiz Farmers, Inc., an Oklahoma Corporation, in the regular course of business. The facts alleged by plaintiffs fall squarely within the acts necessary to obtain jurisdiction under 12 O.S.1981, § 187(a)(3) over a non-resident manufacturer. In the case of *Radiation Researchers, Inc. v. Fischer Industries*, 70 F.R.D. 561 (WD Okl.1976), the court found that the facts stated in plaintiff's petition fit the requirements of § 187(a)(3). In that case, plaintiff's petition stated:

> "That on or about October of 1971 the plaintiff and defendant met in Illinois and agreed that the plaintiff would sell and market the x-ray equipment manufactured by the defendant ... Thereafter the defendant sold x-ray equipment to plaintiff in Oklahoma and plaintiff sold said equipment to third parties in the regular course of business." (P. 563)

Defendant argues that the plaintiffs have not made sufficient allegations on the jurisdictional issue and rely on the cases of *Jim Marrs Drilling Company v. Woolard*, Okl.App., 629 P.2d 810 (1981), and *Union Bank v. Ferris*, Okl., 587 P.2d 454 (1978). In *Jim Marrs Drilling Company*, the Oklahoma Court of Appeals held that plaintiff's petition did not allege sufficient facts upon which to base jurisdiction. The plaintiff in that case alleged simply:

> "That the defendants are non-residents of the State of Oklahoma. That this cause of action arose in the State of Oklahoma." (At p. 812)

Clearly the facts alleged in the petition in the present case go beyond the bare conclusory allegations made in *Jim Marrs Drilling Company*.

*Union Bank*, supra, can be distinguished from the present case because there, we had before us an affidavit from the defendant stating facts which challenged the jurisdictional facts alleged in plaintiff's petition. In the case at bar, we have no such affidavit or any facts on the record from the defendant which challenge plaintiffs' allegations. We stated in *Union Bank* that "[i]n Oklahoma, jurisdiction over non-residents cannot be inferred, but must affirmatively appear from the record." (At p. 455)

Therefore, the decision of the Court of Appeals is vacated and the order of the trial court is reversed and the cause is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

BARNES, C.J., and HODGES, LAVENDER, DOOLIN, OPALA, ALMA, WILSON and KAUGER, JJ., concur.

HARGRAVE, J., disqualified.