RAZORSOFT, INC., Appellee,

v.

MAKTAL, INC., d/b/a Park Place Productions, Michael A. Knox, and Richard Knox, Sr., Appellants,

and

Troy Lyndon, John Smedley and Knight Technologies, Defendants.

No. 84,090.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 12, 1995.

Rehearing Denied Oct. 24, 1995.

R. Kevin Layton, Sheila M. Powers, Boesche, McDermott & Eskridge, Tulsa, for Appellants.

Larry Glenn Ball, Mark R. McPhail, Spradling, Alpern, Friot & Gum, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

GARRETT, Chief Judge:

Appellee, Razorsoft, Inc. (Razorsoft), an Oklahoma corporation, sued Appellant, Maktal, Inc., d/b/a Park Place Productions (Maktal), Appellants, Michael A. Knox and Richard Knox, Sr. (the Knoxes) individually, Troy Lyndon (Lyndon). John Smedley (Smedley) and Knight Technologies (Knight) for breach of contract,[1] fraud, consequential damages and punitive damages. The alleged damages were unliquidated. Maktal and Knight are California corporations. The Knoxes, Lyndon and Smedley are residents of California. Summons was served on Maktal and the Knoxes in California. Lyndon, Smedley and Knight are not parties to this appeal. Razorsoft obtained a default judgment against these appellants on March 18, 1994, in the sum of $655,130.62, which includes attorney fees, costs and pre-judgment interest.

The Journal Entry of Judgment recites the trial court heard the evidence. It also provides:

1. The contract between the parties was not attached to Razorsoft's petition.

2. 12 O.S.Supp.1993 § 1031.1(B) provides:
    B. On motion of a party made within thirty (30) days after a judgment, decree or appeal-

Defendants are in default and have thus admitted the substantial allegations of the Petition.

Appellants moved to vacate the default judgment. The record shows their motions were filed thirty-two days after the March 18, 1994 judgment, which would appear to be untimely, under 12 O.S.Supp.1993 § 1031.1(B) (Since amended).[2] However, we note the thirtieth day was a Sunday, which would bring the time allowed to Monday, April 18, 1994, the thirty-first day. The record shows the motions were delivered to the Court Clerk's office on Monday, but were not file-stamped until Tuesday. The file-stamp date does not always reflect the date of filing because filing means "delivery of the instrument to the proper custodian ..." *Bruce v. Employers Casualty Company*, 897 P.2d 313, 314 (Okl.App.1995), citing *State National Bank v. Lowenstein*, 52 Okl. 259, 155 P. 1127, 1129 (1915). The motions were "filed" when they were delivered to the Court Clerk's office on Monday, April 18, 1994, rather than April 19, 1994. The motions, therefore, were valid "term time" motions. Where a motion to vacate or modify a judgment is filed during the term at which they are rendered, movant need not allege or prove a valid cause of action or defense. See *Long v. Hill*, 193 Okl. 463, 145 P.2d 434 (1944). Additionally, Maktal alleged defenses in its motion, and the agreed narrative statement, memorializing the hearing on the motion to vacate, contains references to such defenses.

The trial court entered its order overruling the motions to vacate on July 6, 1994. It is from that order Appellants perfected this appeal.

In its motion to vacate, Maktal contended it was prevented from timely answering Razorsoft's petition because of unavoidable casualty and misfortune. In the narrative statement approved by the trial court under Rule 1.22. Rules of Appellate Procedure, the evidence shows Maktal's financial

able order prepared in conformance with Section 10 of this act has been filed with the court clerk, the court may correct, open, modify or vacate the judgment, decree or appealable order....

condition was deteriorating rapidly at the time this lawsuit was filed. At that time, Maktal's major customer, SONY, canceled contracts with Maktal, and many of its employees left to work for SONY, including its corporate counsel. Maktal also lost other customers at the same time, and Maktal's collapse came quickly and harshly.

In their briefs, the parties debate issues relating to the application of 12 O.S.1991 § 1031 (Seventh). However, the motions to vacate default judgment were filed within term time. Even if § 1031 (Seventh) were applicable, Appellants have made a showing of unavoidable casualty and misfortune. The logical person in charge of responding to a petition was the corporation's counsel. However, in this case, that person had terminated his employment with Maktal to work for SONY. At a time when Maktal's business was falling apart, the loss of its legal counsel was particularly devastating. Under these circumstances, we hold it was an abuse of discretion to overrule Maktal's motion to vacate the default judgment.

■ In the Knoxes' motion to vacate, they contended it was an abuse of discretion not to vacate the default judgment because the court had no personal jurisdiction over them.[3] They argued Razorsoft did not plead or prove the court had jurisdiction over them, which it was required to do. Additionally, they correctly contend the Journal Entry of Judgment does not contain a finding of *in personam* jurisdiction over them. They contend there were no minimum contacts between them and the Oklahoma forum, and it was an abuse of discretion not to require Razorsoft to allege and prove jurisdiction over California residents. We agree. See *Jim Marrs Drilling Co., Inc. v. Woolard*, 629 P.2d 810 (Okl.App.1981). In Oklahoma, jurisdiction over nonresident defendants must affirmatively appear from the record; it will not be inferred. *Union Bank v. Ferris*, 587 P.2d 454 (Okl.1978). The burden of proof is upon the party asserting jurisdiction. *Id.*, citing *Roberts v. Jack Richards Aircraft Co.*, 536 P.2d 353 (Okl.1975). To exercise jurisdiction over nonresident defendants, it is essential to determine whether "the quality and

nature of the defendant's activity is such that is reasonable and fair to require the defendant to conduct his defense in this forum." *Yery v. Yery*, 629 P.2d 357, 361 (Okl.1981), citing *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (Citations omitted). A defendant must have minimum contacts with the forum so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* The totality of the contacts between the forum and the defendants must be considered. *Gregory v. Grove*, 547 P.2d 381 (Okl.1976). The allegation that summons was served on each of them in California is insufficient to prove the court's personal jurisdiction over them. A default judgment must be set aside if the court had no personal jurisdiction over the defendants. *Farmers' Union Co–Operative Royalty Co. v. Woodward*, 515 P.2d 1381 (Okl.1973).

■ All Appellants contend the trial court further abused its discretion in awarding damages to Razorsoft without requiring evidence of damages. Appellants correctly cite 12 O.S.1991 § 2008(D):

D. EFFECT OF FAILURE TO DENY.

Averments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage,* are admitted when not denied in the responsive pleading.... (Emphasis added).

The court's finding that the Appellants' default constituted an admission of the substantial allegations in the petition cannot be understood to apply to an assessment of damages, unliquidated at the time of the petition. Production of proof as to amount of unliquidated damages is required before a default judgment is rendered. See *Reed v. Scott*, 820 P.2d 445 (Okl.1991). Razorsoft contends the Appellants failed to raise this issue in their petition in error. However, the petition in error, under the Summary, Part B., raises this issue in sufficient terms. It is not fatal to consideration on appeal if it is not contained under Part C, which lists the issues and errors on appeal.

---

3. The court's jurisdiction over Maktal is not at issue in this appeal.

Considering all of the factors involved in the vacation of a default judgment, we hold it was an abuse of discretion to overrule the motions to set aside the default judgment entered against these Appellants.

The order overruling their motions to vacate is reversed, and this case is remanded for further proceedings consistent with the views expressed in this opinion.

REVERSED AND REMANDED.

JONES, P.J. and JOPLIN, J., concur.